## BRYANT v. BROWNING.

No. 7674.

Court of Civil Appeals of Texas. Austin.

April 6, 1932.

Rehearing Granted in Part and Overruled in Part April 27, 1932.

---

J. Mitch Johnson and N. C. Walker, both of San Saba, for appellant.

A. L. Curtis and M. M. White, both of Belton, for appellee.

BAUGH, J.

This is the second appeal of this case. Suit was originally brought by H. F. Lewis and W. H. Browning, attorneys, against their client, Miss Jennie Bryant, for attorney's fees, after she had discharged them, in which suit they recovered a judgment for $3,828. On the former appeal, 27 S.W.(2d) 604, we reversed and rendered the judgment as to Lewis, and remanded the case as to Browning, with instructions to the trial court that the sole issue to be tried was the reasonable value of the legal services of W. H. Browning. Upon a second trial the jury found such services to be of the value of $2,000, and judgment was rendered accordingly; hence this appeal. A full statement of the facts concerning employment of said attorneys by Miss Bryant and of their discharge is found in our opinion on the former appeal, to which we refer.

Appellee's right to a reasonable attorney's fee for his services rendered prior to his discharge was adjudicated on the former appeal. The amount thereof was the only issue in the case now before us, and brings the judgment here appealed from clearly within the rules announced by the Supreme Court in Southland Life Ins. Co. v. Norton (Tex. Com. App.) 5 S.W.(2d) 767.

The record before us fully discloses the nature, character, and extent of the services rendered appellant by appellee prior to his discharge by her; the amount he would have been entitled to recover as a contingent fee under such employment had he not been discharged; the amount of her claim against the estate of George Bryant, deceased, which he was employed to collect, and her interest in his estate as an heir; and the amount she did recover thereon, through other attorneys, subsequent to her discharge of appellee. Though all of these facts were not accurately stated in detail in the hypothetical question propounded to attorneys who testified as expert witnesses as to the reasonable value of such services, they were substantially so stated. Each of such witnesses was fully cross-examined, and all facts and circumstances surrounding the services rendered, the nature, character, and extent of same, and the amount in controversy were fully disclosed. The testimony of four qualified attorneys would have sustained a jury finding of more than $2,000. No complaint is made that the amount found is excessive. Under the contract of employment made by appellant at the time, she deemed one-third of her claim against George Bryant's estate a reasonable fee, of which one-third Browning was entitled to one-half. At that time she valued that claim at $20,400, not including what she was entitled to as an heir. The proof shows that she actually received approximately $24,500 in payment of such claim, and $3,500 as an heir. In view of such facts and circumstances, as disclosed by competent evidence and undisputed facts in the record, under the rule announced in Southland Life Ins. Co. v. Norton, supra, and as applied by the Galveston Court of Civil Appeals [9 S.W.(2d) 752] we find that the fee of $2,000 fixed by the jury was reasonable.

The issue is also presented as to whether appellee could plead and prove the contract of employment originally made by appellant, and the amount for which she settled her claim against George Bryant's estate. While appellee did seek recovery for breach of that contract, he also sought in the alternative a judgment upon quantum meruit for services rendered. He was entitled to recover in the latter capacity. Though the contract is not in itself a criterion of the value of the services rendered by appellee, it was admissible on that issue as evidence of what the parties themselves at the time considered a reasonable charge for the services contemplated. Wright v. McCampbell, 75 Tex. 644, 13 S. W. 293; Davis v. Webber, 66 Ark. 190, 49 S. W. 822, 45 L. R. A. 196, 74 Am. St. Rep. 81; 2 R. C. L. 1060; 40 A. L. R. 1529, note; McGowan v. Parish, 237 U. S. 285, 35 S. Ct. 543, 59 L. Ed. 955. And in ascertaining what is a reasonable fee in such cases, the amount in controversy is a proper element to be considered also. Caulk v. Anderson (Tex. Sup.) 37 S.W.(2d) 1008; Rumbaugh v. Morriss (Tex. Civ. App.) 264 S. W. 198; 5 Tex. Jur. 539, 530; 6 C. J. 750. It was therefore proper to plead and prove these matters.

The objections here raised that the written contract of employment signed by appellant was with Lewis only and not with Browning, and that it therefore had no bearing on the sole issue in this case, was disposed of by us on the former appeal, and we deem it unnecessary to discuss it further here.

Appellant also insists that the court erred in awarding judgment for interest on said $2,000 from the date of appellee's discharge, instead of from the date of the trial, for the reason that nowhere in his pleadings did appellee specifically pray for such interest. His prayer was only for a specified sum and for general relief. Since submission of this case in this court, however, appellee has filed a remittitur of all interest awarded up to the

date of the judgment, which renders it unnecessary to discuss that issue. The judgment of the trial court will therefore be reformed so that the amount found by the jury shall bear interest at the rate of 6 per cent. only from the date of said judgment, and, as so reformed, it will be affirmed.