## STATE ex STEPHENS v WISEMAN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1709.  Decided Dec 10, 1941

Harry Routzohn, Dayton, N. K. Brumbaugh, Dayton, for plaintiff.

Jacobson & Durst, Dayton, for defendant.

## OPINION

By GEIGER, PJ.

Horace L. Stephens filed a petition in this Court for a writ of prohibition under the title above set out. We will state the facts alleged as briefly as possible.

The relator alleges that John W. Johnson died in Montgomery County, Ohio, on the 4th day of November, 1935, leaving a last will and testament. Said will bequeathed substantial sums of money to legatees and trustents to the number of twenty-four. Horace L. Stephens was named executor and was appointed as such and has since continued in that position.

It is asserted that the defendant, William C. Wiseman, is now and has been for a long period of time, Probate Judge of Montgomery County; that at the time said will was probated said executor, Stephens, employed Nicholas F. Nolan, a Dayton attorney, as his attorney and legal advisor to represent him in the administration of the estate.

Subsequent thereto, on the 16th of April, 1936, certain next of kin of the decedent filed an action in the Common Pleas Court of Montgomery County to contest the will, which action failed in the trial court and in the reviewing courts.

At the date of the action to contest the will, Nicholas F. Nolan was employed to defend said will and to protect the interests of the various beneficiaries and immediately prior to the date of the trial, he procured the services of Sam D. Kelly, another Dayton attorney, to assist him in the defense of the will. Kelly continued his services in the Court of Common Pleas and the various reviewing courts. It is stated that at no time and in no manner did the said Kelly render any services in the administration of the estate.

Acting on the advice of his attorney, Nicholas F. Nolan, Stephens, executor, in 1938 filed in the Probate Court of Montgomery County an application for the court to determine the compensation that should be paid to Nolan for services rendered to executor and to Nicholas F. Nolan and Sam D. Kelly for services rendered in the defense of the will, none of the beneficiaries being notified of the filing of said application. It is asserted that without hearing any evidence, Wiseman, Probate Judge, allowed Nolan for services rendered in the administration of the estate and for counsellor to said executor the sum of $8,000.00 and to Nolan and Kelly for services rendered in the will contest in the Common Pleas Court. Court of Appeals and the Supreme

Court, the sum of $25,000.00. On the first day of December, 1938, an entry was approved by Wiseman as Probate Judge fixing the amounts above stated as payments to be made to the several attorneys for services rendered.

It is alleged that at no time did Stephens, either as executor or as an individual, agree to the payment of said $25,000.00 to said attorneys or to any sum for their services in the will contest. Stephens received a statement from the attorneys wherein Kelly individually charged for the services of the will contest suit the sum of $25,000.00. Following the receipt of said statement, there was a conference between the executor and the attorneys. No agreement being reached, Stephens was advised by Nolan that the only means provided under the law for the determination of such dispute was to submit the controversy to the Probate Court by filing an application therein. An application was prepared and after some corrections by the said Stephens was filed. Upon being apprised of the filing of the entry granting the sums allowed, Stephens, as executor and as individual, prosecuted an appeal to the Court of Common Pleas.

Subsequent to the filing of said appeal and before the same could be heard in the Court of Common Pleas, wherein said appeal is still pending, Nolan and Kelly filed an application in the Probate Court for an order nunc pro tunc seeking to amend the former entry and order of the court of December 1, 1938, by causing said entry to recite that Horace L. Stephens had, at the time of the filing of said application, agreed with the court and said attorneys to abide by the decision of the Probate Judge and not appeal therefrom. Upon the filing of said application by said attorneys, Stephens, as executor, filed a motion to strike said application from the files for the reason that Nolan and Kelly were not the proper parties or persons applicant and that the court was without jurisdiction to entertain the subject-matter of the application. Thereupon the Probate Court overruled said motion and proceeded to hear and

determine the application of said Nolan and Kelly for the order nunc pro tunc. Stephens renewed orally his motion to strike and moved the court to deny the prayer of the application for the reason that the Probate Court at no time had any jurisdiction to make any finding and determination as to the fees to be paid to Nicholas F. Nolan and Sam D. Kelly in the will contest case.

It is further alleged that in an opinion rendered by the Probate Judge on the 4th of August, 1941, respondent overruled the motions presented by executor and expressed his intention to grant the prayer of said application and to supplement the entry of December 1, 1938, by adding thereto nunc pro tunc that the order and judgment of the Probate Court had been made by the judge pursuant to an agreement of said executor and said Nicholas F. Nolan and Sam D. Kelly to accept and abide by the order and judgment of the Probate Court and to take no appeal therefrom. It is alleged that unless prohibited from so doing, Wiseman, as judge, will approve and file in said probate court a nunc pro tunc entry thereby assuming to exercise and exercising jurisdiction in excess of that granted to him by the Constitution and laws of Ohio; that unless he is prohibited from so doing said respondent, as Probate Judge, will certify said entry and order supplementing said order and judgment of December 1, 1938, to a Common Pleas Court to take the place of the original judgment entry of December 1, 1938, heretofore certified in said appeal with the intention to bar relator from further prosecuting said appeal, now pending in the Court of Common Pleas.

Relator prays that a writ of prohibition be issued prohibiting the defendant from making said nunc pro tunc order and certifying same to the Court of Common Pleas and prohibiting him from taking or entertaining any order or further action in connection with the determination of the amount of compensation to be paid Nolan and Kelly for their services rendered.

The defendant, Wiseman, demurs in this court to the plaintiff's petition for a writ of prohibition for the reason that the same does not set forth facts sufficient to constitute a cause of action in prohibition.

The question presented by said petition for a writ of prohibition and the demurrer thereto is whether or not the Probate Court is about to exceed his jurisdiction in granting said nunc pro tunc entry.

The writ of prohibition being an unusual proceeding in this court, we might generally state the principles controlling the issuing of such a writ and to help us in this matter we have referred to 32 O. Jur. pages 563 et seq. We will make brief reference to the principles laid down, simply stating that they may be found more elaborately discussed in the above authority.

The above authority compares the writ of prohibition to an action in injunction and a mandamus proceeding stating that it has many elements of these two proceedings; the writ of prohibition agrees with both injunction and mandamus in that, where there is an adequate remedy at law, it is not available; the writ is an extraordinary remedy to be issued only in cases of extreme necessity because of the absence or inexpediency of other remedies and then only when the right thereto is clear; it should never be issued in a doubtful case; it is designed to prevent a tribunal from proceeding in a matter which it is not authorized to hear and determine or in which it seeks to usurp or exercise a jurdiction with which it has not been invested by law.

In Ohio the purpose is to keep inferior courts within the limits of their own jurisdiction and to prevent them from encroaching upon the jurisdiction of other tribunals. It may be invoked only to prevent the commission of a future act and not to undue an act which already has been performed and will not issue upon application made subsequent to the rendition of a final judgment by the court whose action is sought to be prohibited.

The writ will not issue where there is an adequate remedy at law readily available to the applicant either by appeal or writ of error or any other writ, motion or proceeding appropriate to the relief, such as injunction, mandamus or quo warranto. Where an error proceeding is adequate, the writ will not issue. If such proceeding is clearly inadequate, the writ will issue. As a general rule, an appeal or error proceeding is considered adequate so as to preclude the issuance of a writ of prohibition and adequate legal remedies which will prevent the issuance of such writ include equitable remedies.

Where the inferior court usurps the jurisdiction of another court or assumes to act in a case over which it has no jurisdiction or exceeds the jurisdiction conferred upon it by law, the writ will issue.

The question presented is always whether it clearly appears that the court or tribunal, whose action is sought to be prohibited, has no jurisdiction of the cause which it attempts to adjudicate. The sole question to be determined is the jurisdiction of the court and the court in which the relief is sought will not consider any mere error or irregularity occurring in the process of a case. If the jurisdiction of the court depends upon facts and circumstances which the court passes upon in the determination of its jurisdiction, the ordinary and usual remedies provided by law are adequate and a writ of prohibition should not be issued.

In this case the demurrer admits the facts to be as stated and raises the question of the sufficiency of the facts as well as the right of the relator to receive the relief prayed for. In the cumulative supplement to Vol. 32 of Ohio Jurisprudence under the heading "Prohibition" will be found many statements and the citations of many authorities which are substantially a reiteration of what we have already alluded to.

The latest pronouncement of the Supreme Court upon the use of this writ will be found in State ex rel v McCabe,

**138 Oh St 417.** The syllabus is to the effect,

"1. A writ·of prohibition is a high prerogative writ to be used with great caution in the· furtherance of justice and only when there is no other regular, ordinary and adequate remedy.

2. Such writ is not available as a substitute to the remedy of appeal.

3. A writ of prohibition will not be issued unless it clearly. appears that the court ·or tribunal whose action is sought to be prohibited has no jurisdiction of the cause which it is attempting to adjudicate, or is about to exceed its jurisdiction."

This case is well discussed by Weygandt, CJ.

From what has already been stated it would appear that if the Probate Court had jurisdiction to fix the attorney fees for attorneys defending a will, the same to be paid out of the estate, and in pursuance of this jurisdiction fixed the amount to be paid ·to Kelly and Nolan for their services in the will contest, a writ of prohibition is not available to review the action of the court. The executor having prosecuted an appeal to the Court of Common. Pleas, the threatened action of the Probate Court to supplement the entry of December 1, 1938, by a nunc pro tunc order, stating that the executor had agreed to abide by the decision of the ·Probate Court and not prosecute an appeal, can not be prohibited by the writ under the principles restricting its use. The entry of December 1, 1938, has long since been upon the records of the court and the writ of prohibition does not go to the remedy for a·past action of the court, but only for a threatened· action beyond the jurisdiction. of the court. If the Probate Court originally had jurisdiction to fix the fees, it·now ˈhas jurisdiction to make a nunc pro tunc entry, as a court always has the right to do this in the furtherance of justice. The effect of such an entry as made may be considered by the reviewing court.

Whether the facts that may be disclosed are sufficient to afford a basis for a nunc pro tunc entry may be determined in ordinary processes and a ·proper appeal be taken therefrom.

If the Probate Court had no authority to fix the fees of the attorneys acting as attorneys in the **will** case then it had ·no authority to make the original entry and has no authority to .now supplement it by a nunc pro tunc order.

### THE STATUTES.

The question presented requires an examination of the pertinent statutes, which we do not quote in full, but only that part thereof particularly applicable. Any emphasis is ours.

**Sec. 10501-53 GC** under the caption "Jurisdiction of the Probate Court" provides insofar as pertinent,

"Except as ·hereinafter provided the court shall have jurisdiction.

(3) To direct and control the conduct and settlement of accounts of executors and order the. distribution of estates. * · * *

(13) To direct and control the conduct of fiduciaries and. settle their accounts. Such jurisdiction shall be exclusive in the probate court unless otherwise provided by law. The probate court shall have plenary power at law and in·equity fully to dispose of any matter properly before the court, **unless the power is expressly otherwise limited ·or denied by statute.**"

The jurisdiction of the probate court is exclusive unless otherwise provided by law and it has plenary power unless the power is expressly otherwise limited or denied by statute.

**Sec. 10509-193 GC,** under the caption "Further Allowance" provides insofar as pertinent,

"* * * When an attorney has been employed **in the administration of the estate** reasonable attorneys fees paid· by the executor shall be included in such further allowance and if no definite amount has been agreed upon, the

court shall fix such attorneys fees as may be reasonable."

Under this section when an attorney has been employed **in the administration of the estate,** reasonable attorney's fees paid by the executor, shall be included and if no definite amount has been agreed upon, **the court** shall fix such attorneys' fees as may be reasonable.

It is the claim of the relator that the statutory expression, **"when an attorney has been employed in the administration of the estate"** is a limitation upon the provisions of **§10501-53 GC,** where are found the expressions, "unless otherwise provided by law" and "unless the power is expressly otherwise limited or denied by statute".

The relator lodges no complaint against the allowance by the court of a fee of $8,000.00 to Nicholas F. Nolan for services to the executor in the management of the estate. His objection is directed solely to the allowance of the $25,000.00 to Nolan and Kelly for services in the will contest.

Whether the executor can properly charge against the estate the fees to be paid to the attorneys assisting in the successful defense of the will and whether the Probate Court has any jurisdiction in the matter present the questions for our determination. The cases are not clear upon the point, as the determination in a particular case seems to depend upon **circumstances** which are not disclosed in the petition. We might point to the fact that the petition does not disclose whether Stephens is interested in the defense of the will only in his fiduciary capacity as an executor or whether he may have a personal interest in the defense of the will arising out of any legacy payable to him. While not disclosed by the pleadings, it appears that Johnson, the deceased, and Stephens were business associates and that the will provided that Stephens be the residuary legatee, having, as such, the principle interest in the estate.

In **41 O. Jur., page 554,** it is stated,

"Under ordinary circumstances, those claiming under the will are the proper parties to defend it when it is assailed; hence an executor is not bound to assume the burden of the defense of a contest of the will by the heirs at law, but may properly throw same upon the devisees or legatees."

In **18 O. Jur., page 440, §344,** under the title, "Contest of Will" it is stated,

"Whether an executor shall be allowed credit for expenses incurred in suits where the will is assailed **depends upon the circumstances of the particular case,** as ordinarily those claiming under the will are the parties most interested, and therefore the proper ones to defend the will, and **the executor is not bound to do so.** But if an executor assumes the burden and is successful, he may be allowed expenses incurred, **though he has no absolute right thereto.** Even where the controlling factor is the personal interest of the executor or lack thereof in the result of the contest, and his effort is disinterested, the court may allow the executor credit. But when the executor is a **devisee** or legatee under the will, a presumption arises that he defends because of his own personal interest in sustaining its validity."

It is a well settled rule in Ohio that the executor who unsuccessfully defends a will contest can not charge the expense of the defense to the estate.

Giving consideration to the matters that we have just stated, it will be at once disclosed that the same rule can not be applied in all cases in which there is a contest of a will. As we have already stated, it does not appear in the petition whether the executor defended the will in a fiduciary capacity and for the interest of other legatees or whether, as a matter of fact, by virtue of being a residuary legatee he was defending the will as one personally interested in its being sustained. If he was the residuary legatee of the major portion of the estate, he would be liable for the attorneys' fees as an in-

dividual or, at least, to a proper proportion of said fees.

The cases cited leave the matter in as much doubt as does the comment from Ohio Jurisprudence.

See **Thomas, Admrx. v Moore, 52 Oh St 200; McMahon, Admr. v Ambach & Company, 79 Oh St 103.**

The case of **Trumpler, Admr. v Royer et, 95 Oh St 194,** is much discussed by counsel. It is there held (1) That by the provisions of the Constitution and §10492 (now §10509-193) plenary jurisdiction is conferred on the court to direct and control the conduct and settle the accounts of executors and order distribution of the estate. (2) The allowance of fees for services rendered by attorneys employel by an executor in the settlement of the estate is a matter to be determined by the Probate Court and until so determined, such fees do not constitute a valid claim against the estate. (3) The amount of such fees may be included as an item in the settlement-account of the executor or an application upon due and legal notice to all parties in interest may be made to the Probate Court to allow the claim and fix the amount thereof. (4) Any person affected by the order of the court may appeal.

This is an interesting case, the opinion being by Johnson, J. The case bears many points of resemblance to the case at bar, although, of course, not identical. Johnson, J. cites and quotes from the above cited cases and states on page 200, to the effect, that the allowance of extra compensation and the allowance of fees to be paid to the attorneys for services rendered in the settlement of the estate are matters to be determined by the Probate Court and until so determined do not constitute a valid claim against the estate. There devolved upon the Probate Court the duty of determining matters affecting the estate and of legally distributing it. The attorneys were not entitled to bring suits at law against the administrator. The administrator is the instrumentality selected and appointed by the Probate Court for the settlement of estates in accordance with the law and under

the orders of the court. Counsel who have rendered necessary professional services in connection with an estate in the control of the court, whether in connection with its settlement or **in defense of a suit to contest a will** should have the right to invoke the order of the court in all circumstances touching his services. The matter presented to the Probate Court was such a one as to constitute a proper item in the settlement of the account of the administrator.

In **Weir v Weir, 7 C. C. (N.S.) 289,** the first syllabus is to the effect,

"Whether an executor can be allowed credit in his account for expenses incurred in the successful defense of the will depends upon the circumstances of each particular case."

In **Kern v Heilker, 56 Oh Ap 371,** it is held,

"Although the usual practice in the allowance of attorneys' fees, for services rendered an estate, is for the executor or administrator to credit an allowance for such in an account filed and ask approval of the Probate Court, yet it is not error to permit the application to be filed and the allowance made prior to the filing of any account by the executor or administrator."

Contra:
In **Union Savings Bank v Alter, 17 Oh Ap 29,** it is held,

"A Probate Court is without jurisdiction to hear and determine an application for an allowance to applicants' counsel for services rendered in a prior action to contest a will, brought in the Common Pleas Court of the county and carried through to the Supreme Court, to which prior action applicants were parties."

This case reviews a number of cases and concludes that the court hearing the case might properly make an allowance for compensation for services of the attorneys and tax the same as

part of the costs in the suit and that the Probate Court was without jurisdiction in the premises. It is held that the attorneys' fees should be fixed by the court in which the action is brought to contest the will and that the Probate Court has no jurisdiction to determine the amount of the fees.

We are of the opinion that that is the more logical way but that it is not exclusive and the Probate Court still has jurisdiction, especially where an application is made by the executor, who thereby submits himself to the jurisdiction of the court. Of course, the executor by his application could not confer upon the court jurisdiction which it did not have.

### CONCLUSION.

We arrive at the conclusion that an application made by Stephens, executor, to fix the amount of the attorneys' fees for the defense of the will presented a matter within the jurisdiction of the Probate Court and that the entry of December 1, 1938, was a proper entry made by the court and within its judisdiction. If this be true, the court making such an entry may modify the same by a nunc pro tunc order, if the facts justify the same. Stephens, in the present case, is not entitled to a writ of prohibition. Adequate remedies at law are available. The demurrer to his petition will be sustained.

BARNES & HORNBECK, JJ., concur.