**CASSEB v. SWEENEY.**

No. 12439.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 24, 1952.

Rehearing Denied Oct. 22, 1952.

Parker, Smith & Rice, W. R. Smith, Jr., San Antonio, for appellant.

Jerry D'Unger, Corpus Christi, Glendon Roberts, Bandera, for appellee.

W. O. MURRAY, Chief Justice.

Solomon Casseb, Jr., Esq., was named independent executor of a purported will of Ophia Fant Sweeney. He offered this will for probate in both the County and District Courts of Bandera County, but each court refused to probate it. Later, an earlier will of Ophia Fant Sweeney was probated in which Robert C. Sweeney was named as

executor. After Robert C. Sweeney had qualified as executor of the estate of Ophia Fant Sweeney, Casseb presented to him a claim for attorneys' fees in the attempted probate proceedings, which claim was refused, and this suit was instituted to recover attorneys' fees Casseb had contracted to pay two attorneys, N. A. Quintanilla and W. Pat Camp, for representing him in attempting to have the purported will of Ophia Fant Sweeney probated.

The following sole issue was submitted to the jury and answered as indicated:

"Question No. 1. What do you find, from a preponderance of the evidence, is the reasonable value, if any, of the services rendered by the attorneys employed by the plaintiff. Answer by stating the amount, if any, in dollars and cents.

"Answer: None."

Judgment was entered denying any recovery and Solomon Casseb, Jr., has prosecuted this appeal.

■ Before appellant could recover in this case it was necessary for him to allege and prove that in offering the will for probate he acted in good faith. McCannon v. McCannon, Tex.Civ.App., 2 S.W.2d 942, is authority in this State for the rule that where a person is named as executor in a will and after testator's death he has that will in his possession it is his duty to produce such will and if it appears to be a valid will it is his further duty to seek the probate of it, and if in doing so he acts in "good faith" he is entitled to recover reasonable attorney's fees, even though the will is not probated. Of course, if he acts in bad faith he cannot recover.

■ It would seem that the course pursued here by appellant was a proper one. He did not seek to collect his attorney's fees in the proceedings in which he sought the probate of the will, which was Cause No. 1550 in the District Court of Bandera County, but rather waited until a prior will had been probated and Robert C. Sweeney had qualified as executor of the will of Ophia Fant Sweeney and then presented to him a claim for such attorney's fees, and when this claim was refused, instituted the present suit. In Clark v. Turner, 50 Neb. 290, 69 N.W. 843, 847, 38 L.R.A. 433, it is said:

"We can find no instance where no administration has been granted, and unsuccessful proponents of a will have been allowed counsel fees out of the estate in the contest proceedings. Inasmuch as the statute (Comp.St. c. 23, §§ 137, 138) makes it the duty of persons named as executors to propound the will for probate, and provides a penalty for neglecting to do so, it seems reasonable that they should not be compelled to perform this duty at the peril of incurring the expense thereof against themselves should probate be denied, at least where they have acted in good faith. But we are satisfied that in this case no allowance can be made. The judgment simply denies probate. No administration is granted, and we have not before us any person now charged with the duties or powers of a personal representative of the deceased, nor has by this proceeding the estate itself been impounded. If such application be proper, it should be made in the county court, after administration shall have been granted."

■ Early in the trial of the present case the trial court, in passing upon the question of "good faith" made the following ruling: "The ruling of the court on the law will be: The judgment in this case on the contest, taken in connection with the pleadings of the Contestant, is conclusive on the issue of good faith (in offering the will for probate). In this the court was in error. The cause in the probate court was submitted only on one issue relating to the mental capacity of the testatrix, which was answered by the jury to the effect that she did not have testamentary capacity. The district judge in entering judgment in that case made the following finding:

"And the Court further finds that there was no evidence adduced to support the allegation of Contestants that the Proponent was guilty of any fraud or fraudulent conduct or that he exer-

cised any undue influence upon the said Ophia Fant Sweeney, and no evidence that the proponent and Executor named in said alleged will did not act in good faith in offering the same for probate."

This finding on its face is not an affirmative finding that appellant acted in good faith—it goes no further than to find that no evidence of bad faith was introduced. Furthermore, that being a trial before a jury, the trial judge was only authorized to make necessary findings in support of the judgment rendered, and this finding was not a necessary finding in support of that judgment. Appellant did not ask for attorney's fees in that case, and it is not shown that the question of good faith was in any way involved therein. Rule No. 279, Texas Rules of Civil Procedure. In fact, attorney for appellee admitted during the trial that the issue of "good faith" was never raised in the probate court or in the district court.

Appellant had the burden of proving and soliciting a favorable finding from the jury to the effect that in offering the will for probate he acted in "good faith," as well as a finding of the reasonable value of the services rendered by the attorneys who represented him in the matter.

Appellant offered no evidence of "good faith" but relied upon the court's ruling to the effect that good faith had been adjudged favorably to him in the probate proceedings. Neither did he request that an issue of good faith be submitted to the jury. The very basis of his lawsuit was his "good faith" in offering the will for probate. Even if he had received a favorable answer to the issue submitted, he still could not recover because of his failure to prove and submit to the jury the question of his "good faith." Rule 279, T.R.C.P., plainly provides that: "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; * * *."

██ It is quite possible that the court's ruling early in the trial, that the judgment in Cause No. 1550 was conclusive on the issue of good faith, may have caused appellant not to offer evidence on the matter and to fail to request that such issue be submitted to the jury. However, this will not excuse him. A party cannot seek a reversal upon a favorable erroneous ruling of the court. 3B Tex.Jur. 717, §§ 1057, 1058; Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 148 A.L.R. 555.

██ We are inclined to agree with appellant that the answer of the jury to the effect that the services of the attorneys were without value is contrary to the evidence, but this becomes immaterial in view of the fact that appellant waived his only ground of recovery by not proving and securing a favorable finding from the jury to the effect that in offering the will for probate he acted in "good faith."

The judgment is affirmed.