Thelma HOWARD et al., Appellants,

v.

Raymond SALMON, Appellee.

No. 16247.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 29, 1961.

Rehearing Denied Nov. 3, 1961.

Stine & Stine, Henrietta, for appellant.

Earl C. Fitts, Nacona, Bullington, Humphrey, Humphrey & Fillmore (Roy Schaeffer) Wichita Falls, for appellee.

RENFRO, Justice.

In February of 1960 Maria Hoben, widow, died testate, leaving her property, mainly real estate in Montague County, to her half brothers, Raymond, Fred, Harry and Bill Salmon. Her three half sisters, Mrs. Howard, Mrs. Henley and Mrs. Downard, were not mentioned in the will. Harry predeceased testatrix, leaving two children.

A few days after the death of Mrs. Hoben, the surviving brothers, Mrs. Howard, Mrs. Henley and Judge Stine met for the purpose of reading the will.

The appellants, Mrs. Howard and Mrs. Henley, contend that at said meeting the brothers orally renounced the will, waived their rights thereunder and agreed the will would not be offered for probate, thereby allowing the sisters, who did not take under the will, to share equally with the brothers.

Raymond Salmon denied making such agreement.

The jury verdict was as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that on or about February 23, 1960, at the meeting held at Mrs. Hoben's house, Raymond Salmon renounced the will of Mrs. Hoben? Answer 'Yes' or 'No'. Answer: No.

"Special Issue No. 2: Do you find from a preponderance of the evidence that on or about February 23, 1960, at the meeting held at Mrs. Hoben's house Raymond Salmon waived all rights under Mrs. Hoben's will? Answer 'Yes' or 'No'. Answer: No.

"Special Issue No. 3: Do you find from a preponderance of the evidence that all of the heirs of Mrs. Hoben agreed to the effect that Mrs. Hoben's will would not be offered for probate; that the property (other than the U. S. Government Bonds) would be divided in accordance with the laws of inheritance; and that Thelma Howard should be appointed administratrix of Mrs. Hoben's estate? Answer 'Yes' or 'No'. Answer: No."

Appellants contend the verdict is against the overwhelming weight and preponderance of the evidence.

All the parties attending the above mentioned meeting, except appellee Raymond Salmon, testified such oral agreement was assented to by all three brothers. Raymond emphatically denied he made such agreement.

■ In determining whether answers of the jury are contrary to the overwhelming weight and preponderance of the evidence it is the duty of the Court of Civil Appeals to consider all the evidence, including that which is contrary to the verdict. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■■ The great weight and preponderance of the testimony is not determined by ⸳ the number of witnesses tendered. The trier of the facts has the right to take into consideration the demeanor of the wit-

nesses and to determine the credibility of each witness under all the facts and circumstances. Adams v. State Board of Insurance, Tex.Civ.App., 319 S.W.2d 750; Gulf C. & S. F. Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933; Sinclair v. Brownlee, Tex.Civ.App., 300 S.W.2d 103; Russell Coleman Oil Mill v. San Antonio U. & G. R. Co., Tex.Civ.App., 37 S.W.2d 165. In view of the whole record, we cannot say that the verdict was so against the great weight and preponderance of the evidence as to be manifestly unjust. The point of error is overruled.

Immediately after the pleadings were read to the jury, appellee's attorney introduced as his first evidence the citation for probate of the will of Maria Hoben. He then offered the file date of the application to probate the will. Then the following occurred:

"Mr. H. W. Fillmore: 'Next Proponent offers the file date on this instrument that I hand the Court Reporter.' Mr. Vincent Stine: 'What is it?' Mr. H. W. Fillmore: 'That is the Order of the Court admitting the Will to Probate, the Order of the County Court.' Mr. Vincent Stine: 'We, of course, object to the introduction generally, but for the consideration of the Court alone, we have no objection.' The Court: 'To what?' Mr. Vincent Stine: 'The Order.' The Court: 'Sustained, except for that purpose.' "

■ Appellants earnestly insist appellee's counsel committed reversible error in informing the jury the county court had admitted the will to probate.

The order was admissible before the court for jurisdictional purposes, and appellants' attorney so conceded. He did not object to the remark of counsel, did not ask for any instruction from the court and did not ask for a mistrial. In fact the first complaint concerning the improper remark was made in appellants' motion for new trial.

In view of the pleadings, the stage of the proceedings at which the remark was made, and the circumstances under which it was made, we believe an instruction from the court would have cured any error occasioned by the remark.

The appellants have failed to show that the remark by counsel amounted to such a denial of the rights of the appellants as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules Civ. Procedure.

Other points complain of the jury argument by appellee's attorney. We have read the entire arguments of all counsel in the case and when considered with the entire record have concluded that the harmful effect, if any, of all the argument of which complaint is made could have been cured by instruction from the court.

Moreover, the chief complaint advanced by appellants is that the argument asked the jury to uphold the will, and advised it of the effects of its answers. We have heretofore set out the issues. Every person present at the heretofore mentioned meeting testified at length as to what was said regarding the effect on the will of renouncing, waiving under the will and taking under laws of inheritance. The explanations were fully made by Judge Stine, a most able and competent attorney, and the witnesses, including appellee, related the explanations to the jury with surprising clarity.

In view of the evidence, by the time the charge was read to the jury, and before argument, the jurors, as reasonable men of ordinary intelligence, must have known what effect their answers would have on the will in question.

This court in Fort Worth & D. C. Ry. Co. v. Kiel, Tex.Civ.App., 195 S.W.2d 405, held: "* * * we are not to be understood as minimizing the importance of the rule against informing the jury of the effect their answers will have on the judgment, yet it has repeatedly been held that the rule is not violated if the jury be apprised of a matter they, of necessity, already knew."

In the light of the entire record we cannot say the argument of which complaint was made was such as was calculated to cause and probably did cause the rendition of an improper judgment.

We conclude that, under Rule 434, appellants have failed to show reversible error. All points of error are overruled and the judgment of the trial court affirmed.