Fred SALMON, Appellant,

v.

Raymond SALMON et al., Appellees.

No. 16547.

Court of Civil Appeals of Texas.

Fort Worth.

June 5, 1964.

Suggestion of Remittitur on Motion for Rehearing July 10, 1964.

Supplemental Opinion July 17, 1964.

Rehearing Denied Sept. 18, 1964.

Paul Donald and T. B. Coffield, Bowie, and Ernest May, Fort Worth, for appellant.

Earl Fitts, Nocona, Fillmore, Schaeffer & Fillmore, and Roy Schaeffer, Wichita Falls, for appellees.

RENFRO, Justice.

On February 19, 1960, Maria Hoben, widow with no children, died testate, leaving her estate to four brothers. Her three sisters were not included in the will. One of the brothers predeceased Mrs. Hoben, leaving two daughters. One of the sisters applied for letters of administration. The will was offered for probate by Raymond Salmon, one of the brothers. The two causes were consolidated. The sister, Thelma Howard, claimed a family settlement was agreed upon after the death of Mrs. Hoben to supersede the will. Raymond Salmon was the only legatee to dispute the agreement. Trial to a jury resulted in a verdict and judgment for probation of the will. This court affirmed: Howard v. Salmon, Tex.Civ.App., 359 S. W.2d 120. Judgment was reversed and remanded to the trial court by the Supreme Court. Howard v. Salmon, Tex., 359 S.W. 2d 882. In the second trial Raymond Salmon again was successful, the contestants did not appeal. The will was probated and Raymond Salmon and Wilburn Salmon qualified as executors. Raymond Salmon employed attorneys to contest the claimed agreement to supersede the will, and to probate the will prior to April 23, 1960. After termination of the litigation, Raymond Salmon, as executor, filed an application for payment of attorney's fees by the estate. The claim was approved. Fred Salmon, one of the legatees, appealed to the District Court.

In a jury trial attorney's fee of $19,200 was allowed. Fred Salmon appealed to this court.

Appellant's points of error are based on (1) denial of judgment non obstante; (2) no finding of benefit to the estate; (3) admission of testimony that $25,000 was the contingent fee; (4) no evidence competent to the verdict; and (5) insufficient evidence.

Appellant apparently does not consider the prior litigation a will contest for he states in his brief, "The issue between Raymond Salmon and his sisters was simply whether he had agreed with them and his co-legatees that the will should be withheld from probate."

The Supreme Court in Howard v. Salmon, Tex., 359 S.W.2d 882, stated: "Mrs. Maria Hoben, a widow, died in February,

1960, leaving a will written and signed by her in 1946. The will was offered for probate in the County Court of Montague County by respondent, Raymond Salmon, sometimes known as 'Boss' Salmon, a half-brother of Mrs. Hoben. A contest was filed by Thelma Howard and Helen S. Henley, petitioners, half-sisters of Mrs. Hoben. The will was admitted to probate by the County Court, and the contestants appealed to the District Court where the issues made by the pleadings were tried to a jury. * * Probate of the will was contested on the ground that respondent had made the agreement described above, that he had renounced the will, and that he had waived all rights under the will." In disposing of the present controversy the prior litigation will be regarded as a will contest.

Article 243, V.A.T.S. Probate Code, provides: "When any person designated as executor in a will, or as administrator with the will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings."

The will of Mrs. Hoben provided: "It is my desire my four brothers shall have full power & authority to probate my will, pay my debts, to wind up my estate."

It was held in Pendleton v. Hare, Tex., Com.App., 231 S.W. 334, that where the executor has acted in good faith in employing an attorney in proceedings to probate the will, and the will is established, the estate is chargeable with the expense of reasonable attorney's fees thus necessarily incurred.

In Lang v. Shell Petroleum Corp., 138 Tex. 399, 159 S.W.2d 478, the Supreme Court held: "A reasonable attorney's fee is classed as an expense of administration, and the independent executor named in a will has a legal right to employ attorneys to represent him in the probate of the will which constituted him such executor. Further, such attorneys, when so employed, have a legal and valid claim against the estate covered by the will, for the payment of such fees, and the independent executor has the right to pay such claim. Articles 3691 and 3531, R.C.S.1925; Pendleton v. Hare, Tex.Com.App., 231 S.W. 334; Huff v. Huff, 132 Tex. 540; 124 S.W.2d 327."

The total value of the Hoben estate was in excess of $300,000. Under the alleged family agreement not to probate the will (one sister disclaimed all interest), the named beneficiaries, except Raymond, would have. received approximately $10,000 each less than they did receive under the probated will. . Raymond received under the will about $70,000 more than he would have if he had not successfully probated the will. If the sisters had prevailed in proving the family agreement, one-third of Mrs. Hoben's estate would have gone to persons not named in her will. Hence, all the named beneficiaries gained in value received by Raymond's successful contest of the alleged family agreement.

While two of the sisters not named in the will were the instigators of the proposal to supplant the will with a family agreement, all the named legatees in the will, except Raymond, joined with the two sisters in attempting to keep Raymond from probating the will.

The appellant in this suit, Fred Salmon, though named in the will as an executor, joined his sisters in attempting to prevent the probate of the will. Only Raymond has tried from the beginning to probate the will and thus carry out the desires of his deceased sister as set out in her will.

As aptly stated in Riviere's Estate, 9 Cal. App. 56, 98 P. 46, "When one executes a will and appoints an executor, there is an implied direction by the testator that such person shall take all steps necessary to carry into effect the intent and object of the testator. The confidence reposed in such executor by the testator would be abused and he would prove recreant to his

trust did he not, even in the face of contests, diligently endeavor to establish the will and in all respects to carry out the wishes of the testator."

■ Under the above authorities we overrule appellant's contentions that Raymond was personally responsible for the attorney's fees and that there was no benefit to the estate.

The statute allows "reasonable" attorney's fees, whether the executor is successful or not in prosecuting or defending the probate of a will.

The jury found a reasonable attorney's fee for legal services rendered by the attorneys in connection with having Mrs. Hoben's will admitted to probate to be $19,200.

Appellant does not contend the verdict is excessive for the services rendered but contends there is no evidence or insufficient evidence to support the amount found by the jury.

An attorney introduced by appellant testified, in response to hypothetical questions, that a reasonable fee would be from $4,000 to $6,000. An attorney called by appellees testified a reasonable contingent fee would be $33,333; a reasonable cash fee would be $15,000 to $17,000. Another attorney testified a reasonable fee would be $25,000. In arriving at that amount a "contingent basis" was an element considered by the witness. He testified further that a contingent fee would be a little higher than a reasonable cash fee, how much, he could not say. In other words, according to the witness, a reasonable cash fee would be a little less than $25,000. In our opinion, $19,200 would fall within a reasonable cash fee bracket denoted as "a little less than $25,000" and would therefore be supported by the evidence.

In view of all the evidence in the record concerning the work done by the attorneys, the size of the estate and the evidence of the attorney witnesses concerning reason-able attorney's fees, we hold the answer of the jury has sufficient support.

■ The jury was asked to find a reasonable attorney's fee, not a contingent fee, and, in light of the entire record, admission of testimony that Raymond originally contracted with the attorneys on a contingent fee basis, if error, was not such error as was calculated to cause and probably did cause the rendition of an improper verdict.

Affirmed.

## SUGGESTION OF REMITTITUR ON MOTION FOR REHEARING

■ In preparing our original opinion we misread one of the questions asked of one of the attorney witnesses as to the reasonable value of attorney's fees rendered.

After testifying that $25,000 was a reasonable attorney's fee based upon the services rendered by the attorneys, he was asked on cross-examination: "Q Lee, you are just giving your best estimate, aren't you? A That is absolutely my opinion as to what a fair fee would be. Q Now, you predicated this on a contingent basis, didn't you? A That was certainly an element in it. Q Would the fee be twice as high on a contingent basis as it would on a certain basis, or would it be more than twice as high? A I can't say. It is higher. I can't say."

Thus, the only definite figure given by the witness was $25,000 on a contingent basis. He did not say how much a reasonable cash fee would be, nor did he approximate a reasonable fee as we originally construed his testimony to do. So the highest figure before the jury on a reasonable cash fee without considering contingency was the figure $15,000 to $17,000 testified to by one of the other attorney witnesses.

The evidence will not support a fee of $19,200 as found by the jury. The evidence does support a fee of $17,000 as being a reasonable attorney's fee.

We suggest the plaintiff file a remittitur of $2,200.

There being no other reversible error in the record, we affirm the judgment subject to plaintiff's filing a remittitur of $2,200 within 15 days from the date of this opinion. If the remittitur is not filed within that time the judgment will be reversed and the case remanded for a new trial. Rule 440, T.R.C.P.

## SUPPLEMENTAL OPINION

Appellees having filed in writing the remittitur as suggested in our opinion on motion for rehearing, it is ordered that the judgment, as reduced by the remittitur, be affirmed.