Fred SALMON, Petitioner,

v.

Raymond SALMON et al., Respondents.

No. A–10403.

Supreme Court of Texas.

Oct. 13, 1965.

Rehearing Denied Nov. 17, 1965.

Paul Donald, T. B. Coffield, Bowie, Ernest May, Fort Worth, for petitioner.

Earl C. Fitts, Nocona, Fillmore, Schaeffer & Fillmore, Wichita Falls, for respondents.

WALKER, Justice.

This is a probate proceeding to secure the allowance and payment of attorney's fees out of the assets of an estate pursuant to the provisions of Section 243 of the Texas Probate Code, V.A.T.S.[1] The attorneys were employed by one of the designated executors, who was also the principal beneficiary of the will, on a contingent fee basis, and the first question to be decided is whether the estate may be charged an amount that would constitute a reasonable contingent fee under the circumstances.

A claim for $25,000.00 filed by the attorneys was duly allowed by the executors and approved by the County Court. Upon appeal to the District Court by one of the beneficiaries of the will, the jury found that $19,200.00 is a reasonable fee for the services rendered by the attorneys, and judgment was entered on the verdict ordering payment of that amount. The Court of Civil Appeals concluded that the evidence does not support the amount found by the jury and suggested a remittitur of $2,200.-00. Upon the filing of such remittitur, the judgment of the trial court was reformed, and as reformed was affirmed. 381 S.W. 2d 945.

Mrs. Maria Hoben, a widow with no children or other descendants, died testate on February 19, 1960. She was survived by three brothers, Raymond Salmon, Wilburn Salmon and Fred Salmon, by three sisters, and by the children of Harry Salmon, a fourth brother who died before the testatrix but after the execution of her will. Under the terms of the will, her entire estate was devised and bequeathed to the four brothers as follows: to Raymond Salmon $2,000.00 in money or bonds and the home place consisting of 342 acres of land; to Fred Salmon, Wilburn Salmon and Har-

1. "§ 243. Allowance for Defending Will
    "When any person designated as executor in a will, or as administrator with the will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings."

ry Salmon, each, $2,000.00 in money or bonds and any notes owing by them to the testatrix; and to the four brothers, in equal shares, 518 acres of land and any other property owned by the testatrix. It also provided that the share of any deceased brother would go to his children, and further stipulated, in effect, that the four brothers should be executors with "full power and authority to probate my will, pay my debts, to wind up my estate." Nothing was left to the three sisters.

One of the sisters applied for letters of administration on Mrs. Hoben's estate, alleging that all beneficiaries of the will had renounced their rights thereunder and had agreed that the will would not be probated and that all property owned by the decedent should pass to her heirs at law in accordance with the statutes of descent and distribution. Raymond Salmon was the only beneficiary of the will who disputed the alleged agreement. He employed attorneys and filed an application for probate of the will, which was contested by the two sisters on the basis of the alleged family settlement. After consolidation of the two proceedings, the will was admitted to probate and the application for letters of administration was denied. The two sisters appealed and the Court of Civil Appeals affirmed, but we remanded the cause for a new trial. Howard v. Salmon, Tex.Sup., 359 S.W.2d 882. At the conclusion of the second trial, the will was again admitted to probate. Raymond Salmon and Wilburn Salmon were appointed and qualified as executors, and no further appeal was taken in that proceeding. This brings us to the present controversy, which involves the payment by the estate of attorney's fees for representing Raymond Salmon in the litigation leading to the probate of the will.

A number of lawyers testified regarding the value of the services rendered by Raymond Salmon's attorneys in the former action. The highest figure suggested by any of these witnesses as a reasonable fee certain, i. e. a fee to be paid in cash without regard to the outcome of the litigation, was "somewhere around $15,000.00 to $17,000.00." As indicated above, Raymond Salmon had employed his attorneys on a contingent fee basis, and there is evidence that from $25,000.00 to $33,333.00 would be a reasonable contingent fee. The only witness who attempted to state the weight that might properly be given the contingency or certainty of the compensation in determining the amount of the fee expressed the opinion that a fee certain should be about half as large as a contingent fee.

Prior to the adoption of the Probate Code, there was no Texas statute expressly providing for the allowance of attorney's fees and other expenses incurred by an executor in probating or defending the will. Article 3691, Tex.Rev.Civ.Stat.1925, merely authorized the payment of expenses incurred in the preservation, safe-keeping and management of the estate, and reasonable attorney's fees necessarily incurred in the course of administration. Section 243 of the Probate Code is, however, simply a legislative declaration of the law as previously announced by our courts. See Lang v. Shell Petroleum Corp., 138 Tex. 399, 159 S.W.2d 478; Huff v. Huff, 132 Tex. 540, 124 S.W.2d 327; Pendleton v. Hare, Com.App., 231 S.W. 334; Casseb v. Sweeney, Tex.Civ.App., 252 S.W.2d 209 (wr. ref. n. r. e.); Cheesborough v. Corbett, Tex.Civ.App., 155 S.W.2d 942 (wr. ref. w. m.); McCannon v. McCannon, Tex. Civ.App., 2 S.W.2d 942 (wr. dis.).

Under the provisions of Section 243 and the decisions dealing with the same problem, a person named as executor in a will is deemed to be acting for the benefit of the estate when he, in good faith and with probable cause, employs attorneys to defend the will or prosecute an action to probate the same. In these circumstances and "whether successful or not" he may be allowed "reasonable attorney's fees." This means a reasonable fee certain for the services rendered, and the statute does not authorize the allowance of an amount that might be reasonable for a fee contingent

upon successful prosecution of the litigation. We agree with the Court of Civil Appeals, therefore, that the jury's finding is without support in the evidence.

Section 242 of the Probate Code contains somewhat different provisions and deals, among other things, with attorney's fees incurred in collecting debts and recovering property claimed by the estate. We are not to· be understood as holding here that the estate may never be required to pay a reasonable contingent fee under the terms of this statute.

■ Over the objection of Fred Salmon, who is our petitioner, the trial court permitted Raymond Salmon to testify that the amount of the contingent fee he had agreed to pay his attorneys was $25,000.00. This evidence should have been excluded. Raymond Salmon had no power to bind the estate to a contingent fee contract, and it is the estate which is now to be charged a reasonable fee for the work done by the attorneys. In this respect the case is quite different from Bryant v. Browning, Tex. Civ.App., 48 S.W.2d 798 (wr. dis.), and the decisions there cited. The amount which Raymond Salmon, who was principal beneficiary of the will, might be willing to pay as a contingent fee could be of little assistance to the trier of fact in fixing a reasonable fee certain for prosecuting the former action. As pointed out in Rowe v. Dyess, Com.App., 213 S.W. 234, the amount is determined by the reasonable value of the services rendered for the benefit of ·the estate and not by any agreement on the part of the personal representative. Proof of the terms of the contract tended to lead the jury away from the real issue in the case, a risk which far outweighs the slight relevance of the evidence in question. From a review of the entire record, we are persuaded that its admission was reasonably calculated to and probably did cause the jury to fix the fee in an amount larger than the evidence will support.

■ An error of this nature cannot be cured by filing a remittitur which simply reduces the judgment to the highest figure warranted· by the evidence. Since the cause must be remanded for a new trial, an expression of our views on two other contentions urged by petitioner may be of assistance to the trial court. Petitioner insists that the expenses incurred in resisting the alleged family settlement do not fall within the provisions of Section 243. He would allow the executors out of the assets of the estate a reasonable fee for an uncontested probate of the will and require the lawyers to look to Raymond Salmon individually for the remainder of their compensation. It is true that the will was not attacked upon any ground which would have rendered it ineffective as a testamentary disposition at the time of Mrs. Hoben's death. The contestants in the former proceeding relied only upon the alleged family settlement, and all beneficiaries of the will other than Raymond Salmon were aligned with the contestants, in opposing the application to probate. Petitioner argues that under these circumstances the expenses of litigation incurred by Raymond Salmon should be paid by him individually, because he was acting ·solely for his own advantage and benefit and in opposition to the other beneficiaries of the will.

■ Under our law a family settlement in which all of the heirs and beneficiaries agree that a purported will shall not be probated is valid and enforceable. The agreement is no less effective as a bar to an action by one of the contracting parties to probate the instrument than undue influence or testamentary incapacity. Franke v. Cheatham, 157 Tex. 397, 303 S. W.2d 355; Brown v. Burke, Tex.Civ.App., 26 S.W.2d 415 (no writ); Stringfellow v. Early, 15 Tex.Civ.App. 597, 40 S.W. 871 (no writ). See also Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008. Although there is considerable force in petitioner's argument, we have concluded that Section 243 is applicable where, as here, an alleged family settlement is the only ground urged in opposition to the probate of the will.

Some courts take the position that a person named as executor is under no duty to engage in litigation for the purpose of establishing the will, and that a contest is ordinarily a controversy between the heirs on the one hand and the devisees and legatees on the other. In these jurisdictions the ultimate burden of attorney's fees incurred by the executor in probating or defending the will is usually determined by the circumstances of the particular case, and an executor who also has a substantial interest in maintaining the will is often required to bear the expense of litigation on the theory that he was acting in his own behalf rather than for the benefit of the estate. See In re Nolan's Estate, 56 Ariz. 366, 108 P.2d 391; In re Higgins' Estate, 158 Cal. 355, 111 P. 8; In re Smith's Estate, 165 Iowa 614, 146 N.W. 836; State ex rel. Stephens v. Wiseman, Ohio App., 42 N.E.2d 240; Annotations, 10 A.L.R. 783, 69 A.L.R. 1052, 128 A.L.R. 1002, 40 A.L.R. 2d 1407. Our approach to the problem is somewhat different, because the Texas statute and decisions are based on the premise that an executor who attempts in good faith and with just cause to uphold the will is acting for the benefit of the estate. Raymond Salmon's right to an allowance of a reasonable attorney's fee out of the assets of the estate is not affected by his interest in the outcome of the litigation or by the fact that he acted contrary to the wishes of the other beneficiaries.

▄▄▄ Petitioner also contends that the charge should be apportioned to the several beneficiaries of the will in accordance with the amount each gained as a result of the litigation. He cites State v. Wiseman, supra, and In re Shepherd's Estate, 152 Or. 15, 49 P.2d 444, 49 P.2d 448, in support of this proposition. See also Annotation, 20 A.L.R.2d 1226. Assuming without deciding that there are situations in which the cost of probating or defending the will should be apportioned to the devisees and legatees, it is our opinion that this is not such a case. As a general rule attorney's fees incurred by the personal representative constitute expenses of administration and usually are payable out of the residuary estate. Mrs. Hoben's will directs payment of any debts she might owe, and further provides that in the event it was necessary to sell property for that purpose each brother should pay one-fourth of such debts. The evidence indicates that the residuary estate is more than sufficient to pay the charge now in issue, and the expense will thus fall one-fourth on each of the surviving brothers and one-fourth on the children of Harry Salmon, all of whom were benefitted from the probate of the will. Raymond Salmon gained more than the other beneficiaries as a result of the litigation, but it is not unfair for the latter to pay an equal share of the expense when they supported the contest which made the same necessary. We hold that under all the circumstances the attorney's fee should be charged and paid in accordance with the general rules governing expenses of administration.

The judgments of the District Court and Court of Civil Appeals are reversed, and the cause is remanded to the District Court for a new trial.

NORVELL, Justice (dissenting).

As I see it, the controlling question in this case is whether or not Raymond Salmon entered into a binding family agreement with the other beneficiaries named in the will of Mrs. Maria Hoben which provided that Mrs. Hoben's will should not be probated. As stated in the Court's opinion such an agreement is legal and enforceable in Texas. It is simply a time and expense saving device. Had the title to the deceased's property passed to the beneficiaries under the will, they could have executed conveyances that would have vested title to such property in those who would take under the statutes of descent and distribution. Essentially then this is a contest between Raymond Salmon who says he did not accede to the family agreement and Fred Salmon who says that he did. This

is a common species of litigation in which one party asserts the existence of a contract while the other party denies it. Under such circumstances, particularly in the absence of a claim for punitive damages, the general rule is that each party must pay his own attorney's fees.

The Court construes Section 243 of the Probate Code as varying the general rule and says that such section is a "legislative declaration of the law as previously announced by our courts". None of the cases cited in support of this statement involves a family agreement not to probate a will and I find no well considered authority prior to the adoption of the probate code which would support the allowance of attorney's fees in a case like this,—which after all is essentially a dispute over whether a contract exists or not. It seems that any contention that Section 243 of the Probate Code provides for the recovery of attorney's fees in the family agreement situation, must be predicated upon the proposition that such section constitutes *new* legislation giving rise to that right rather than being a restatement in code form of a rule of law heretofore announced by court decisions.

In my opinion, Section 243 is not new legislation and gives rise to no new rights. It is, as stated by the Court, simply a legislative declaration of the law as previously announced by our courts. I cannot however agree, in the absence of a controlling decision, that the law "previously announced" would support a recovery in this case. I am in entire agreement with the doctrine which allows attorneys' fees to a person named as executor in a will who in good faith, with probable cause and for the benefit of the estate prosecutes an action to probate a will. This, without regard for the outcome of the prosecution, because of a public policy against the suppression of wills. But, there is no public policy that militates against the family agreement which results in the non-probate of a will. Nothing is suppressed. If the agreement be valid, the beneficiaries are only doing what

they have a legal right to do. Such agreements are neither illegal nor immoral. There is no sound reason in public policy why one who says there was no agreement should recover attorney's fees regardless of success while one who asserts there was such an agreement could not recover attorney's fees even if successful. There should be an equal balance of the scales. I would not allow attorney's fees in cases like this until the time comes, if ever, when successful litigants in suits over contracts generally are allowed to recover attorney's fees from their adversaries. Raymond Salmon is the only person who derives any benefit from this litigation. He, and not the Maria Hoben estate, should pay his attorney's fees. Compare, In re Higgins' Estate, 158 Cal. 355, 111 P. 8 (1910); In re Pryor's Estate, 51 Cal.App.2d 735, 125 P.2d 511 (1942); In re Smith's Estate, 165 Iowa 614, 146 N.W. 836 (1914). I would render judgment for the petitioner.