Dolores Mann MALONE and Texas Commerce Bank National Association, Independent Co-Executors of the Estate of Freda Smith Mann, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. H–77–1601.

United States District Court,
S. D. Texas,
Houston Division.

July 10, 1980.

Lawrence R. Jones, Chamberlain, Hrdlicka, White & Waters, Houston, Tex., for plaintiffs.

Howard A. Weinberger, Atty., Tax Division, Dept. of Justice, Dallas, Tex., for defendant.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

Presently pending before the Court are cross-motions for partial summary judg-

ment. The parties have settled every issue in this case but one: the amount of attorneys' fees the Estate of Freda Smith Mann is permitted to deduct under Section 2053 of the Internal Revenue Code of 1954 (26 U.S. C.). The basic facts and contentions of the parties have been succinctly summarized by the defendant in its *Memorandum in Support of Defendant's Motion for Partial Summary Judgment*, at 1–2:

> Prior to the filing of the present action, plaintiffs and the law firm of Chamberlain, Hrdlicka, White, Johnson & Williams had entered into a contract for the payment of attorneys' fees. That agreement provided that if plaintiffs were unsuccessful in their suit, no attorneys' fee would be charged. If, on the other hand, some of the estate taxes paid were recovered, that amount would be distributed in the following order: first, all expenses previously incurred by plaintiffs would be reimbursed to the estate; second, the estate would be reimbursed for any additional income taxes due to the revaluation of the stock; third, plaintiffs' attorneys would receive their normal hourly rate for the hours actually spent on this case; and fourth, the remainder would be divided 50–50 between the estate and the attorneys.

> Plaintiffs have filed a motion for partial summary judgment in which they have asked this Court to decree that the amount to be paid under this contract is deductible by the estate as a matter of law. The United States, on the other hand, contends that the estate may only deduct an amount equal to either (1) the number of hours their attorneys actually spent times their normal hourly billing rate or (2) a contingent percentage not in excess of the amount allowable under Texas law.

The statute which governs the deductibility of attorneys' fees for the purposes of determining the value of an estate for federal tax purposes is 26 U.S.C. § 2053(a). It provides as follows:

> (a) *General rule.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—
>
> (1) for funeral expenses,
>
> (2) for administration expenses,
>
> (3) for claims against the estate, and
>
> (4) for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate,
>
> as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

Attorneys' fees, being administration expenses, are, therefore, deductible, but only to the extent allowable under local law.

The relevant local law is Section 233 and Section 242 of the Texas Probate Code. Those sections read as follows:

> § 233. Collection of Claims and Recovery of Property
>
> Every personal representative of an estate shall use ordinary diligence to collect all claims and debts due the estate and to recover possession of all property of the estate to which its owners have claim or title, provided there is a reasonable prospect of collecting such claims or of recovering such property. . . . Such representatives may enter into contract to convey, or may convey, a contingent interest in any property sought to be recovered, not exceeding one-third thereof, for services of attorneys and incidental expenses, subject only to approval of the court in which the estate is being administered.

> § 242. Expenses Allowed
>
> Personal representatives of estates shall also be entitled to all necessary and reasonable expenses incurred by them in the preservation, safe-keeping, and management of the estate, and in collecting or attempting to collect claims or debts, and in recovering or attempting to recover property to which the estate has a title or claim, and all reasonable attorney's fees, necessarily incurred in connection

with the proceedings and management of such estate, on satisfactory proof to the court.

The parties agree that Sections 233 and 242 must be read in conjunction with one another. The plaintiffs contend that, "[r]eading the two sections together leads to the conclusion that while the personal representatives of the estate cannot convey to attorneys an interest greater than one-third in a ranch, for instance, all *reasonable* attorneys' fees can be contracted for and paid." *Memorandum in Response to Defendant's Motion for Partial Summary Judgment*, at 2 (emphasis in original). The defendants contend that, "[r]eading Sections 233 and 242 of the Probate Code together, it is clear that Section 233 is intended to limit 'reasonable' in the context of contingent fee arrangement to one-third percentages or less. For non-contingent fee arrangements, reasonable attorneys' fees means 'a reasonable fee certain for the services rendered.' *Salmon v. Salmon*, 395 S.W.2d 29 (Tex. 1965)." *Memorandum in Support of Defendant's Motion for Partial Summary Judgment*, at 5.

[redacted] The Court agrees with the defendant. The estate's personal representative cannot, the plaintiffs concede, convey to the attorneys, as a fee, an interest greater than one-third in a ranch sought to be recovered. Such a fee is, for the purposes of Section 242, "unreasonable" as a matter of law. If that is so, then the estate's personal representative cannot convey to the attorneys, as a fee, an interest greater than one-third in a tax refund sought to be recovered. There is simply no logical basis for concluding otherwise. The purpose of the Section 233 one-third limitation, when read in conjunction with Section 242, is to prohibit unreasonable attorneys' fees. For that purpose, an interest in a ranch is no different than an interest in a tax refund. Both, if greater than one-third, are "unreasonable" as a matter of law.

The actual hours the attorneys worked, multiplied by their normal billing rate, yields a fee which, the defendant concedes, is both reasonable under Section 242 of the Probate Code and deductible under Section 2053 of the Internal Revenue Code. *Memorandum in Support of Defendant's Motion for Partial Summary Judgment*, at 5. The defendant also agrees that a one-third contingent interest in the recovered fund is deductible as a reasonable attorney's fee. *Id.* As the one-third figure is greater, the estate will be allowed a deduction of one-third the total recovery plus expenses.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that the plaintiffs' Motion for Partial Summary Judgment be, and the same is, DENIED, and that the defendant's Motion for Partial Summary Judgment be, and the same is, GRANTED. The estate is hereby allowed a deduction of one-third the total recovery plus expenses.