DELEGLISE and others, Appellants, vs. MORRISSEY and others, Respondents.

*February 24—March 15, 1910.*

*Wills: Probate: Competency of testator: Prior adjudication in guardianship proceedings: Costs: Fraud of proponent.*

1. An adjudication in guardianship proceedings that an aged woman was incompetent to manage her own affairs, though not *res judicata* in a proceeding for probate of her will, might properly be considered as persuasive in effect, the evidence being very much the same, and there being no claim that her mental condition had improved before the making of the will.

2. Although the proponent of a will in which he is named as executor is ordinarily entitled to recover his costs out of the estate whether successful or not, because it is his duty to present the will for probate, yet where he is adjudged to have procured the execution of the will by fraud and undue influence he should not recover costs but should be required to pay costs.

APPEAL from a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Affirmed.*

For the appellants there were briefs by *Goodrick & Goodrick,* attorneys for appellants *Adelbert Deleglise* and *Mamie (Cecilski) Deleglise,* and by *W. F. White,* guardian *ad litem* for appellants *Margaret, Irene,* and *Germane Deleglise,* and oral argument by *E. J. Goodrick* and *A. B. Goodrick.*

For the respondents *Morrissey* and *Leslie* there was a brief by *T. W. Hogan* and *Morson & McMahon;* for the respondent *Edmund Deleglise* there was a brief by *George W. Latta,* guardian *ad litem;* and the cause was argued orally by *Mr. Hogan, Mr. Latta,* and *Mr. H. F. Morson.*

WINSLOW, C. J.    *Mary Deleglise* died at Antigo December 20, 1907, at the age of seventy-five years, having in form executed a will on the 15th day of the preceding August, which will was denied probate both in the county court and in the circuit court on the ground that she was incompetent to execute the same and that the execution thereof was procured by fraud and undue influence exerted by two of her children, *Adelbert Deleglise* and Mary Doersch. She left surviving her six adult children, viz., Mary Doersch, *Annie E. Morrissey, Sophia E. Leslie, Adelbert Deleglise,* Alexius Deleglise, and *Edmund Deleglise,* the last named being an imbecile residing at a hospital in Oshkosh. Her estate consisted principally of scattered parcels of real estate, partly in Antigo and partly outside the city, and was of the estimated value of nearly or quite $40,000. By her will, after devising $5,000 to her imbecile son *Edmund,* she divided the balance of the estate equally between four grandchildren and one adopted child, three of the grandchildren being the children of her son Alexius and one being the son of Mary Doersch. On the same day she deeded to Christina Doersch, daughter of Mary, land worth $3,200, to Alexius land worth $1,200, to St. Mary's church land worth $4,000, and to a foster child land worth $2,000. On July 9th, previous, she had given to *Adelbert* $3,000 in cash, and on November 1st

and 12th, following, she deeded to him parcels of land worth $8,000 and $4,000, respectively. She gave nothing to *Mrs. Morrissey* or *Mrs. Leslie,* the contestants here.

It appears that in 1905 *Mrs. Morrissey* and *Mrs. Leslie* petitioned the county court of Langlade county to appoint a guardian of their mother's person and estate on the ground that she was incompetent to manage her property, and one Edward Cleary was appointed such guardian by that court; but on appeal to the circuit court the order was reversed, and thereafter on appeal to this court the judgment of the circuit court was reversed, and the cause remanded with direction to affirm the judgment of the county court. *In re Deleglise,* 134 Wis. 41, 114 N. W. 130. This court then held that the judgment of the circuit court was against the great preponderance of the evidence. This judgment was rendered just one week prior to the death of the testatrix.

The evidence given upon the will contest was much the same as that given on the guardianship proceeding, and it seems entirely unnecessary to repeat here the long and unpleasant history of the quarrels in the family, the squandering of what might well have been a handsome fortune by incompetent and dishonest sons, and the indecent and sordid struggle between brothers and sisters to gain the advantage over each other in the good graces of their weak-minded mother; all this may be read at length in that case. It is true that there are some differences in the testimony in the two cases. In the present case the contestants were not competent to testify to personal transactions with the deceased (sec. 4069, Stats. 1898), so that some facts appearing in the testimony in the guardianship case do not appear in the present case. But even with these necessary omissions, and with considerable additional expert testimony on the part of the proponents, both the county and circuit courts were convinced of the incompetency of the deceased to make a will, as well as of the fact that *Adelbert* and Mrs. Doersch exerted undue influence over their mother.

It is really only a question of fact. We have carefully examined the record and have come to the deliberate conclusion, after such examination, that there was ample evidence, even after rejecting all testimony of doubtful admissibility, to fully sustain the findings of the trial courts. The findings of the circuit judge give evidence of very careful and painstaking consideration of the testimony. While the adjudication in the guardianship proceeding was in no sense *res adjudicata* in this case, it was doubtless considered by the trial court as quite persuasive in its effect, and rightly so, inasmuch as there was no claim that the mental condition of the deceased had improved between 1905 and August, 1907.

We have not been able to see that any good purpose would be subserved by an extended review of the facts. It must be sufficient to say, generally, that the evidence sustains the findings.

*Adelbert* is named as executor of the will and is the proponent thereof. Ordinarily the proponent of a will is entitled to recover his costs out of the estate whether he be successful or not, because it is his duty to present the will for probate. But clearly a proponent who has been adjudged guilty of securing the execution of a will by fraud and undue influence should not be entitled to recover his costs from any source, but rather should be required to pay costs.

*By the Court.*—Judgment affirmed, with costs to the contestants *Annie E. Morrissey* and *Sophia E. Leslie* against *Adelbert Deleglise* and Mary Doersch. No costs are to be taxed for printing the supplemental case. The guardians *ad litem* are each to recover statutory costs to be taxed and paid out of the estate.

BARNES, J., took no part.

On March 21, 1910, that part of the judgment awarding costs against Mary Doersch was vacated.