W. T. HUFF ET AL V. J. H. HUFF, ADMINISTRATOR.

No. 7186. Decided February 8, 1939.
Rehearing overruled March 8, 1939.
(124 S. W., 2d ·Series, 327.)

*G. E. Smith,* of Comanche, for plaintiffs in error.

It was error for the court to allow J. H. Huff certain amounts claimed as expenses of administration, as disclosed in his report filed in the county court, as the testimony showed that during such period of time he was acting without authority of law, and said items were no part of expenses of administration. Garrett v. Garrett, 47 S. W. 77; McCannon v. McCannon, 2 S. W. (2d) 942; Renn v. Samos, 37 Texas 241.

*Oscar Callaway* and *Gib Callaway,* both of Brownwood, for defendants in error.

The trial court properly allowed J. H. Huff, as administrator of the estate, all expenses necessarily incurred by him in caring for and preserving the estate, including a commission on the monies received and disbursed by him; a charge for the operation of the plantation during the period of administration, for the reason that all of such charges were necessary in preserving said estate, and rebounded to the benefit of all parties concerned, and the contestants having received the benefit of such services on the part of the administrator are now estopped to deny the justice of said charges. 24 C. J. 92 and 1208; Caldwell v. Young, 21 Texas 800, Armstrong v. Anderson, 55 S. W. (2d) 240.

MR. JUSTICE SHARP delivered the opinion of the Court.

This Court granted a writ of error in this case to review the opinion of the Court of Civil Appeals. The judgment of that court reformed and affirmed the judgment of the trial court, which allowed certain claims, including court costs and attorneys' fees, incurred by J. H. Huff in an attempt to probate an alleged will of Mrs. T. C. Huff, the probate of which will was denied. 98 S. W. (2d) 442.

The controlling facts are as follows: On or about October 25, 1925, M. M. Huff died intestate, and left surviving him his wife, Mrs. T. C. Huff, five children, and one grandchild. By agreement of the children, Mrs. T. C. Huff retained possession of all the property, and she continued to have possession thereof during her lifetime without a division of same. On October 18, 1930, Mrs. Huff died, leaving a will, by the terms of which she left all of her property to J. H. Huff and two children. J. H. Huff was named independent executor of the estate. He offered the will for probate. An appeal was taken from the judgment of the county court to the district court. Several trials were had. Based on the findings of the jury in one of the trials, judgment was entered denying the probate of the will. The Court of Civil Appeals reversed and remanded the cause for a new trial. See 52 S. W. (2d) 1092. Upon the last trial the jury found: (1) That Mrs. Huff was lacking in testamentary capacity; and (2), that she was unduly influenced to execute the will by J. H. Huff, Mrs. R. H. Denny, and George T. Huff. The trial court entered judgment denying the probate of the will, and adjudged the costs of such proceedings against J. H. Huff, the proponent of the will. J. H. Huff appealed from that judgment to the Court of Civil Appeals, and the judgment of the trial court was affirmed, and the costs of such appeal were adjudged against J. H. Huff. See 72 S. W. (2d) 675. An application for writ of error was made to this Court, which was dismissed; and the judgment of the trial court became final.

During the pendency of the proceedings for the probate of the will J. H. Huff acted as independent executor of the estate, and almost three years after the death of Mrs. Huff he was appointed temporary administrator of the estate. Subsequent to the rendition of the final judgment above described, J. H. Huff filed a report in the trial court, setting up his actions as temporary administrator, and also presented his claim for services, expenses, etc., during the time he served as executor of the estate; and he prayed for an order of the court approving and ordering him as temporary administrator to pay the executor's commissions, allowances, and salary for services in

operating the property, expenses of trips in the management of same, and the court costs and attorneys' fees incurred in an effort to probate the will.

Plaintiffs in error in substance contend that the Court of Civil Appeals erred in reforming and affirming the judgment of the trial court, for the following reasons: (1) The costs incurred in an effort to probate the alleged will of Mrs. Huff having been finally adjudged against J. H. Huff, he is bound by such judgment, and this prohibits him from recovering such costs from the estate; and (2), the jury having found that Mrs. Huff was lacking in testamentary capacity and that said will was procured by undue influence, and the probate of said will having been denied, by reason of such findings J. H. Huff is not entitled to recover the amounts claimed by him.

The trial court allowed the claims presented by J. H. Huff, and ordered same paid out of the estate; from which judgment an appeal was made to the Court of Civil Appeals, and judgment entered as above described. Thus we are presented with the question, under the state of this record: Was J. H. Huff entitled to recover the attorneys' fees and court costs incurred in an effort to probate the will, and allowed him by the trial court in this case?

Article 3691, R. S. 1925, provides: "Executors and administrators shall also be allowed all reasonable expenses necessarily incurred by them in the preservation, safe-keeping and management of the estate, and all reasonable attorney's fees, that may be necessarily incurred by them in the course of the administration." Under this statute an independent executor, or an administrator, is authorized to employ an attorney to represent the estate during the course of administration, and to contract to pay him a reasonable fee. Callaghan v. Estate of H. Grenet, 66 Texas 236, 18 S. W. 507; 14 Texas Jur., sec. 649, pp. 470, 471, 472.

■ The alleged will offered for probate named J. H. Huff independent executor of the estate of Mrs. Huff. This gave him the right to offer the will for probate; and if it appeared that he, as such executor, was acting in good faith to probate such will, and employed an attorney, or attorneys, for that purpose, the estate is properly chargeable with a reasonable fee for such services. See 14 Tex. Jur., sec. 652, p. 476; see also Note, 69 A. L. R., 1052. The fact that the attorney was unsuccessful in the suit, and that the probate of the will was denied, would not prevent an allowance for a reasonable fee. Caldwell v.

Young & Morgan, 21 Texas 800; Rowe v. Dyess (Com. Appls.), 213 S. W. 234; 24 C. J., sec. 530, p. 97 et seq., and cases cited in notes; see 68 C. J., sec. 1069, p. 1213, and notes.

Article 3696 reads: "When a party files an application, complaint or opposition in court, and shall fail to sustain the object thereof, all costs occasioned by the filing of the same shall be adjudged against him." See also Article 2066.

■ The compensation of a temporary administrator is not fixed by statute, but the amount to be allowed him for his services is left to the discretion of the court appointing him, and only when it is shown that an injustice has been done will such discretion be disturbed. Bell v. Goss et al., 33 Texas Civ. App., 158, 76 S. W. 315 (writ refused).

The precise question presented here is: Can a person named executor in a will offer such will for probate, and, after its probate is refused on several grounds (one of which is that the executor and other beneficiaries named in the purported will had unduly influenced the maker thereof to execute same), in a later proceeding filed by him be allowed costs and reasonable attorneys' fees,—the court in the previous proceeding having entered a final judgment whereby all costs involved in the proceedings to probate the will had been taxed against said executor? So far as we know, this question has never been decided by this Court.

In the case of Pendleton v. Hare, 231 S. W. 334 (Com. Appls.), the rule, supported by the weight of authority, is expressed as follows: "* * * that where the executor has acted in good faith in employing an attorney in proceedings to probate the will, and the will is established, the estate is chargeable with the expense of reasonable attorney's fees thus necessarily incurred. Re Estate of Frank Hentges, 86 Neb. 75, 124 N. W. 929, 26 L. R. A. (N. S.), 757, and notes; Henderson v. Simmons, 33 Ala. 291, 70 Am. Dec. 590." Likewise, it has been held that where the named executor acted in good faith in offering the will for probate, the claim for court costs and attorney's fees should be allowed, notwithstanding the probate of the will was denied. McCannon v. McCannon et al., 2 S. W. (2d) 942 (writ dismissed).

The authorities are not uniform relating to the right of a person named executor in a will to recover court costs and attorneys' fees incurred in an effort to probate the will, where it was found that the named executor was guilty of undue influence in procuring the execution of the will. For annotations

of the cases bearing on this question, see 10 A. L. R., p. 783, and 69 A. L. R., p. 1052, and 68 C. J., sec. 1069, p. 1213, and cases cited in notes.

■ It is difficult to announce an inflexible rule fixing the exact fees of all parties in a case of this kind. No matter what rule is announced, hardships will necessarily follow in its application. We have carefully considered the decisions relating to this question, and consider it the sounder policy to hold that, where a person named as an executor in a will is found guilty of exercising undue influence on the maker of the will, and the probate of such will is denied, and the costs taxed against such executor, which judgment becomes final, he should not have the right in a subsequent proceeding to be allowed payment out of the estate of such court costs and reasonable attorneys' fees. The reasons in support of such holding appeal to this Court as being sound and just. The question of undue influence was not left open° and undetermined. By virtue of Article 3696 the costs were taxed against J. H. Huff. The terms of the will were favorable to him, and detrimental to the other heirs not named in the will. If he had succeeded, his share under the will would have been much larger than it was without the terms of the will; and if the will had been probated, it would have deprived the other heirs not named in the will to their share of the estate. He was defeated in his effort to probate such will, and the court costs were taxed against him by reason thereof. The effect of permitting him, after such defeat, to be reimbursed for costs and attorneys' fees, would be to cause the heirs not named in the will, although they prevailed, at their own expense, in establishing their rights in the estate, to have to pay not only the costs of such suit, but the attorneys' fees also, incurred by the executor in his effort to probate such will; while the named executor would pay nothing, although he was the loser in such suit. For a discussion of this question we cite the following cases: McKinney's Estate, 112 Calif. 447, 44 Pac. 743; Close v. Close, 13 La. Ann. 590; Brady v. McCosker, 1 N. Y. 214, How. App. Cas. 480, 4 How. Pr. 291, 3 Denio 610; Simcox's Estate, 15 Pa. Co. Ct. 386; In re Deleglise's Will, 142 Wis. 234, 125 N. W. 452, (68 C. J., sec. 1069, pp. 1213, 1214) ; Dodd v. Anderson, Admr., 197 N. Y. 466, 90 N. E. 1137, 27 L. R. A. (N. S.) 336; In re Marshall's Will, 178 N. Y. S. 711; Smith et al v. Haire et al, 181 S. W. 161, Ann. Cas. 1916D, 529.

In the case of Smith et al, v. Haire et al., supra, the Supreme Court of Tennessee said: "It cannot be said that the

beneficiary of a will procured by fraud and undue influence, for which she is responsible, is acting in good faith when she attempts to have such a will set up. In such a case costs and counsel fees must be disallowed to the executrix when the will is set aside. 40 Cyc. 1362; Deleglise v. Morrisey, 142 Wis. 234, 125 N. W. 452; In re Jones, 166 Calif. 147, 778, 135 Pac. 293."

In the case of In re Marshall's Will, supra, it was said: "Where it is shown, as it was in this case, that the executor was the party to the fradulent execution of the will, and with full knowledge of the fraud he attempted to impose a false and fraudulent will upon the court, it is contrary to good morals and public policy that the estate should be mulcted in the costs and expenses of his unsuccessful effort to perpetuate the fraud."

The Supreme Court of Wisconsin, in Deleglise et al v. Morrisey et al, supra, held: "Ordinarily the proponent of a will is entitled to recover his costs out of the estate whether he be successful or not, because it is his duty to present the will for probate; but clearly a proponent who has been adjudged guilty of securing the execution of a will by fraud and undue influence should not be entitled to recover his costs from any source, but rather should be required to pay costs."

The trial court found that $900.00 was the fee contracted to be paid the attorneys by the executor for services in probating the will. The offer to probate the will was bitterly contested, and the question of undue influence was one of the paramount defenses urged against its probate. The litigation continued through several trials before it was finally terminated. After the will had been denied probate, J. H. Huff, as temporary administrator, in a subsequent proceeding, was allowed payment, out of the estate, of the court costs and attorneys' fees in the suit to probate the will.

We think that the executor could have had submitted to the jury, along with the other issues, the question of good faith on his part in offering the will for probate; and if the jury had found that, under all the circumstances, he had acted in good faith, then he would have been entitled to judgment for such attorneys' fees and court costs. This was not done; and the judgment became final. We do not think the rule should be extended further than this, in order to let him recover in a subsequent proceeding.

The Court of Civil Appeals held that J. H. Huff was not entitled to certain items allowed him by the trial court. This holding of the Court of Civil Appeals was correct. The Court

of Civil Appeals incorrectly held that J. H. Huff was entitled to recover the court costs and reasonable attorneys' fees incurred in his effort to probate the will.

For the reasons herein stated, the judgments of the trial court and Court of Civil Appeals will be reversed, and this cause is remanded to the trial court for further proceedings in accordance with this opinion.

Opinion delivered February 8, 1939.

Rehearing overruled March 8, 1939.