118

## THOMAS' ESTATE v. FULLEN.
### No. 4139.

Court of Civil Appeals of Texas. Beaumont.
April 30, 1943.

Rehearing Denied May 19, 1943.

A. M. Huffman and George P. Kirkpatrick, both of Beaumont, for appellant.

W. O. Bowers Jr., of Beaumont, for appellee.

COMBS, Justice.

This action is a contest of certain items in the final account of appellee, Otis. E. Fullen, as temporary administrator of the estate of George R. Thomas, deceased. The contestants are W. P. Smith, temporary administrator, and Mark Thomas, sole beneficiary of the estate. By their first pleading they challenged more than thirty items in the account, but they subsequently abandoned their contest as to all except four of the items. These items are (1) $500 balance for "commissions and services," (2) $19 "expenses," (3) $159 "expenses and commissions," all claimed by Fullen and paid to himself. And (4) $200 paid by Fullen to W. O. Bowers as an attorney's fee. All items were paid out of funds of the estate without application first being made to the probate court, but were fully itemized in the final account, supported by vouchers and checks. The county court overruled the contentions of contestants and approved the account as submitted. On appeal, the district court on trial to a jury withdrew the case from the jury at the conclusion of the evidence and thereafter entered judgment denying the contention of contestants and approving the final account in toto. This appeal by W. P. Smith and Mark Thomas is from that judgment.

As to the item of attorney's fee of $200 paid by Fullen to W. O. Bowers, appellants do not contend that the services were not rendered or that the fee was not fair and reasonable. They contend that Fullen was without authority to pay the money to Bowers and in fact did so in violation of the orders of the court. They also contend that the other three items

which Fullen paid to himself were likewise paid without authority of the court and in violation of the court's order. The facts show that Fullen before his appointment as temporary administrator served about three years as independent executor of the Thomas estate. The will of George R. Thomas was probated in the county court of Jasper County in August, 1938. Dr. B. J. Speck and Otis E. Fullen, appellee, who were named independent executors in the will, promptly qualified and entered upon their duties. About a year later appellant, Mark Thomas, claiming to be the adopted son of the deceased, filed a contest of the will, which later resulted in the will being set aside by judgment of the district court of Jasper County. On appeal that judgment was affirmed by this court. See Treme v. Thomas, 161 S.W.2d 124. After judgment was entered in the district court setting the will aside the probate court appointed appellee, Otis Fullen, and the contestant, Mark Thomas, as temporary administrators pending final determination of the contest. In the order appointing them temporary administrators it was provided "said administrators are directed not to pay out any funds from neither of said banks except with the order of this court heretofore duly made, and with the certified copy of such order delivered to said bank for its protections." But it also empowered them "To employ such attorneys and legal counsel to represent such temporary administrators before this court and in all other matters by them deemed advisable, and with the approval of this court first obtained, to institute suit or suits with respect to said estate, * * * and to pay for such services upon claims duly presented, allowed and approved by this court." Certain litigation developed. The account filed by Fullen sets forth the claim for the Bowers' fee as follows: "Sept. 15, 1942 W. O. Bowers, Jr., attorney's fee for services rendered this executor and temporary administrator in the three suits for attorney's fees, filing answers and attending court in No. 3753, Sharfstein et al vs. Mark Thomas et al, Jasper D. C., on August 18, 1941 and Sept. 21, 1942, and motion in this cause re appointments of C. C. Pool and W. P. Smith temporary administrators, and preparing this account $200.00." It is shown that several suits developed among attorneys handling various phases of the litigation involving the estate concerning attorneys' fees. That in one case Mr.

Fullen designated W. O. Bowers to represent the estate, that Mark Thomas designated other attorneys, that on the bottoms of the application so filed with the county judge he noted his refusal on the Bowers' designation and his approval on the other. It is shown that Bowers performed various services for which Mr. Fullen employed him. Fullen testified he did not know during the time the services were being performed that the county judge had noted his refusal on the designation of Bowers, filed by him. But regardless of that, the original appointment of the administrators conferred authority to employ counsel as shown by the excerpt quoted above. It required court approval for the institution of suits, and approval of claims for payment for services. Mr. Bowers performed other duties for Mr. Fullen than those connected with the suit in question, including the preparation of the final report and account. The Fullen report covered his activities, both as executor and as administrator, covering in all a period of four years. In this case, the county judge in approving Mr. Fullen's final report has approved the employment of Mr. Bowers and the item of $200 paid to him by Mr. Fullen as his fee. It is a proper expense of administration. Vernon's Ann.Civ.St. art. 3691; Williams v. Robinson, 56 Tex. 347; Ackermann v. Ackermann, Tex.Civ.App., 99 S.W. 889. It has been held that an administrator may employ an attorney, and as an expense of the administration present claim for reimbursement for the attorney's fee so paid. When allowed, the allowance is not to the attorney but to the administrator. Armstrong v. Anderson, Tex.Civ.App., 55 S.W.2d 235; Rowe v. Dyess, Tex.Com. App., 213 S.W. 234.

As to the item of $500, it was contended that the proof did not conclusively show that Fullen had earned that sum because only he, the interested party, testified that it had been earned. The contention is overruled. Mr. Fullen represented the estate as executor for about three years, and for an additional year as administrator. The total amount of the fee claimed by Mr. Fullen, including the $500 involved here, amounted to $1,000. There were expense items of something over $200. His testimony showing the extent of his work in connection with the litigation, handling of the properties of the estate and suits for recovery of property for the estate, is fully corroborated by the ex-

120

tensive report and account which he submitted. The probate court did not have to depend alone on the testimony of Mr. Fullen but could look to the court records and to the facts known to the county judge. The report showed an estate on hand of a value in excess of $26,000. The record shows that some of it was rental property involving the collections of rents, the payment of taxes, litigation for the recovery of certain property for the estate, and collection of debts due it. Mr. Fullen, because he lived in Beaumont near the properties involved, did the major part of the work required of the executors and administrators during the four years he served. Both the county judge and the district judge who tried this case after hearing the evidence and considering the contentions of the contestants have seen proper to allow the claims and fully approve Mr. Fullen's account. We find nothing in the record which would warrant us in finding that the challenged items were not properly allowed by the county judge.

It should be noted that the account under attack covered services rendered and expenses incurred by Mr. Fullen as independent executor and as temporary administrator. Statutes applicable are different from those relating to administration generally. Dallas Joint Land Bank v. Maxey, Tex.Civ.App., 112 S.W.2d 305, and authorities cited. Also, the account here attacked has been approved by the probate court upon full hearing of this contest; also by the district court which facts distinguish this case from most of the authorities relied on by appellants.

The judgment is affirmed.