In re ESTATE of Mayme Keith CHERRY, Deceased.

No. 5383.

Court of Civil Appeals of Texas, Waco.

Dec. 19, 1974.

Rehearing Denied Jan. 23, 1975.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas (John E. Agnew, Dallas), for appellant.

Lane, Savage, Counts & Winn, Dallas (Edward B. Winn—G. Ward Beaudry, Dallas), for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Joe Utay Temporary Administrator of the Estate of Mayme Keith Cherry; Branch B. Moeling, sole heir and legatee of Lorena M. Moeling; and the law firm of Carter, Jones, Magee, Rudberg, Moss & Mayes; (hereafter referred to as appellants); from summary judgment that application of Lorena M. Moeling for allowance of attorneys' fees and expenses, incurred as Executrix designate and proponent of a will of the deceased be denied, and that applicant and the attorneys take nothing.

Mayme Cherry died in December 1969, Lorena Moeling offered for probate a will of deceased dated in 1965, which named her as Executrix and a devisee. Claude W. Russell, (appellee herein) offered for probate a Will of deceased dated in March 1969. The Probate Court probated the 1965 Will offered by Mrs. Moeling and denied probate of the 1969 Will offered by Russell. The case was appealed to the District Court which overturned the Probate Court; denied probate of the 1965 Will; ordered probate of the 1969 Will; and appointed Russell Administrator with will annexed. The Court of Civil Appeals affirmed the District Court.

Thereafter Mrs. Moeling made application to Probate Court for allowance of attorneys' fees and expenses incurred by her in applying to get the 1965 Will probated. She alleged such application to probate the 1965 Will "was filed in good faith, and with just cause for the purpose of having such instrument admitted to probate"; and that the attorneys' services were necessary and the reasonable value of same was at least $30,000; and further asked for $2378.-91 "reasonable and necessary" expenses incurred by the attorneys.

Russell filed opposition to such application; but the Probate Court thereafter approved the Temporary Administrator's Amended Final Account which provided $1250. additional compensation for Joe Utay, Temporary Administrator; $85. for Temporary Administrator's Bond Premium; $22,500. attorneys' fees for Jones, Magee, Rudberg, Moss & Mayes, plus $2,378.91 expenses (a total of $24,878.91).

(We note that the estate inventories approximately $50,000.)

Russell, the Administrator of the Estate with Will annexed appealed to District Court that portion of the order relating to attorneys' fees and expenses.

Russell moved for summary judgment that appellants take nothing, alleging no genuine issue of fact was presented.

Appellants filed opposition to such motion asserting they were entitled to attorneys' fees and expenses under section 243 of the Probate Code V.A.T.S.

The trial court granted the motion and rendered summary judgment that application of Mrs. Moeling for attorneys' fees and expenses be denied, and that appellants take nothing of the estate of the deceased.

Appellants appeal on one point: "The trial court erred in granting (appellee) Russell's motion for summary judgment".

By counterpoints appellee asserts:

1) Mrs. Moeling having failed to plead and prove in the prior Will contest itself that she prosecuted such contest in good faith and with just cause, and having failed to allege or obtain a determination of her allowable reasonable attorneys' fees and her necessary expenses she is not entitled to prove and obtain same in subsequent proceeding.

2) Because Mrs. Moeling had a contingent fee employment agreement with her attorneys, and they were unsuccessful; she has never owed nor does the estate owe her attorneys any attorneys' fee; and she is not entitled to a reasonable attorneys' fee under Section 243 of the Probate Code.

Section 243 of the Probate Code provides:

"Allowance for Defending Will. When any person designated as executor in a will, or as administrator with the will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees in such proceedings."

The summary judgment record reflects that Mrs. Moeling did not allege, prove and secure findings as to "good faith," "just cause," and "reasonableness of attorneys' fees" in the prior will contest case, but waited until after that case had been ad-

judicated, and then filed application with the Probate Court for her attorneys' fees and expenses alleging "good faith", "just cause" and "reasonableness" of fees and expenses.

Appellees cite Huff v. Huff, 132 Tex. 540, 124 S.W.2d 327, as authority that Mrs. Moeling should have plead, proved and obtained a finding on attorneys' fees and expenses in the prior proceeding.

Huff was decided in 1939 and holds:

"We have carefully considered the decisions relating to this question, and consider it the sounder policy to hold that, where a person named as an executor in a will is found guilty of exercising undue influence on the maker of the will, and the probate of such will is denied, and the costs taxed against such executor, which judgment becomes final, he should not have the right in a subsequent proceeding to be allowed payment out of the estate of such court costs and reasonable attorneys' fees".

Thereafter in 1952 in Casseb v. Sweeney, Tex.Civ.App., (San Antonio) NRE, 252 S.W.2d 209, the court approved the later presentation of claim, and upon refusal, filing for reasonable attorneys' fees in a subsequent suit.

And in Salmon v. Salmon, Tex., 395 S.W.2d 29 our Supreme Court in 1965 adjudicated the later probate claim procedure as pursued by Mrs. Moeling in the case at bar.

■ We thus conclude that Huff bars a subsequent proceeding *only* where probate of the will is denied under circumstances of undue influence on the part of the proponent, fraud, or some other circumstances which negates "good faith" on the part of the proponent as a matter of law.

The record on summary judgment reflects that Mrs. Moeling's attorneys had a contingent fee arrangement whereby they were to receive one third of all moneys they recovered.

■ Salmon v. Salmon, supra holds that Section 243 provides for *"reasonable attorneys' fees"* where the person named as executor in a will in good faith and with probable cause employs attorneys to prosecute an action to probate the will. We think if appellant can secure finding she acted in "good faith" and with "just cause", that a "reasonable attorneys' fee" is allowed from the estate under this Section, without reference to what may have been the arrangement contractually between Mrs. Moeling and her attorneys.

This was a summary judgment that appellants take nothing.

■ Summary judgment should not be granted, and if granted should be affirmed only if the summary judgment proof establishes a right thereto as a matter of law. Gibbs v. General Motors Corp., 450 S.W.2d 827.

Movant appellees have not established their entitlement to summary judgment that appellants take nothing as a matter of law. Appellants are entitled to "reasonable attorneys' fees" as may be found by a finder of fact, if they can secure findings that Mrs. Moeling acted in "good faith" and with "just cause".

That portion of the Probate Court's order awarding $1250. to Mr. Utay, and $85. in payment of his bond premium were not appealed from and have become final.

Reversed and remanded.