Claude W. RUSSELL, Administrator, Petitioner,

v.

Branch R. MOELING, Respondent.

No. B-5129.

Supreme Court of Texas.

July 16, 1975.

Rehearing Denied Sept. 24, 1975.

Lane, Savage, Counts & Winn, Edward B. Winn and G. Ward Beaudry, Dallas, for petitioner.

Carter, Jones, Magee, Rudberg, Moss & Mayes, John E. Agnew, Dallas, for respondent.

DENTON, Justice.

A named executrix under a decedent's prior will, brought this suit to collect attorneys' fees and expenses, following an unsuccessful contest of the probate of the decedent's later will. A summary judgment was rendered by the trial court denying allowance of the attorneys' fees and expenses. However, the court of civil appeals reversed and remanded the cause to the district court, holding that the executrix is entitled to reasonable attorneys' fees if findings are secured to the effect that she had attempted to probate the earlier will in good faith and with just cause. Tex. Civ.App., 517 S.W.2d 912. We reverse the judgment of the court of civil appeals and affirm the judgment of the district court.

Mayme Cherry died in December of 1969, leaving two wills; one dated November, 1965, and a second dated March, 1969. The executrix named in the 1965 will offered that instrument for probate while Claude Russell offered the 1969 will for probate. The probate court probated the 1965 will. However, upon appeal the district court overturned that action and ordered the probate of the later will, appointing Russell the administrator with will annexed.

Subsequently, the executrix named in the 1965 will applied to the probate court for allowance of attorneys' fees and expenses incurred in her unsuccessful attempt to have the earlier will probated. Russell contested the application, but the probate court awarded some $24,000 in attorneys' fees and expenses to the executrix. This order of the probate court was reversed by the district court which granted Russell's motion for summary judgment. Upon appeal to the court of civil appeals, the trial court judgment was reversed and the cause was remanded to make findings with respect to "good faith" and "just cause" which are necessary to an award of attorney fees and expenses for an executor under Section 243 of the Probate Code, V.A.T.S.

In prosecuting this appeal from the action taken by the court of civil appeals, the

administrator of the will admitted to probate presents basically two arguments why the attorneys' fees and expenses should not be awarded to the executrix of the earlier will. First, that this claim for attorneys' fees should have been brought in the original will contest and that such cannot be now undertaken; and secondly, that the executrix cannot seek attorneys' fees for her counsel under the statutory provision in the probate code since her attorneys, due to a contingent fee agreement, are not owed anything by the executrix.

■ In dealing with the administrator's second argument we look to Section 243 of the Probate Code:

When any person designated as executor in a will, or as administrator with the will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings.

The import of the statute is clear: the executor or administrator "shall be allowed out of the estate his necessary expenses and disbursements." The purpose then is to pay the cost of attorney's fees that are owed by the executor or administrator, and the allowance is not to the attorney, but to the administrator. *See Thomas' Estate v. Fullen,* 172 S.W.2d 118 (Tex.Civ.App.—Beaumont 1943, writ ref'd w. o. m.). We are presented here, however, with a situation where the unsuccessful executrix of the 1965 will and her attorneys had entered into a contingent fee agreement which provided that if the probate of the 1965 will was successful, the attorneys were to receive a percentage of all moneys they recovered. The earlier will was not probated and therefore the executrix named therein was not faced with any expense for the legal work that had been done since nothing was recovered. *Young v. Grisham,* 163 S.W.2d 842 (Tex.Civ.App.—Eastland 1942, writ ref'd w.

o. m.). Consequently, under the terms of Section 243, the estate could not be held liable for those attorneys' fees.

■ With reference to the administrator's argument to the effect that any claim for attorneys' fees and expenses must be brought, if at all, in the original will contest, we must turn first to this court's decision in *Huff v. Huff,* 132 Tex. 540, 124 S.W.2d 327 (1939). The precise question presented in that case was set out by the court as follows:

Can a person named executor in a will offer such will for probate, and, after its probate is refused on several grounds (one of which is that the executor and other beneficiaries named in the purported will had unduly influenced the maker thereof to execute same), in a later proceeding filed by him be allowed costs and reasonable attorneys' fees—the court in the previous proceeding having entered a final judgment whereby all costs involved in the proceedings to probate the will had been taxed against said executor?

The holding in *Huff,* which denied to the executor the right to seek attorneys' fees in a subsequent proceeding, was construed by the court of civil appeals opinion in the instant case as one turning entirely on the fact that the executor had been found guilty of exercising undue influence upon the testator. We do not agree. The *Huff* decision did cite several cases wherein an executor was denied any expenses, regardless of when they were asserted, because of the existence of undue influence having been exercised by the executor upon the testator. However, the decision not to allow an executor to bring a subsequent suit to recover attorneys' fees for an unsuccessful attempt to probate a will was not grounded upon this consideration alone because the opinion went on to point out:

We think that the executor could have had submitted to the jury, along with the other issues, the question of good faith on his part in offering the will for probate; and if the jury had found that, under all

the circumstances, he had acted in good faith, then he would have been entitled to judgment for such attorneys' fees and court costs. *This was not done; and the judgment became final.* We do not think the rule should be extended further than this, in order to let him recover ·in a subsequent suit. [Emphasis added.]

The determinative fact in *Huff* then, which would likewise be controlling in the instant case, is the fact that the trial court's judgment, probating the will and awarding costs, had become final and that the prior proceeding was the proper time to have made the claim.

■ We think that the better rule is to have the questions of good faith and just cause determined in the original probate of the will when all relevant information has been placed before the finder of the facts. To allow these questions to be brought in a subsequent proceeding does not properly utilize judicial machinery and is to further burden a decedent's estate with administrative expenses and delay in the full distribution of the estate. This result would also be more in line with the rule of res judicata which in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial. *Ogletree v. Crates*, 363 S.W.2d 431 (Tex.1963), *see* Steakley & Howell, *Ruminations on Res Judicata*, 28 Sw.L.J. 355 (1974).

For the reasons herein stated, the judgment· of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

Concurring opinion by WALKER, J.

WALKER, Justice (concurring).

I concur in the Court's judgment, but in my opinion *Huff v. Huff*, 132 Tex. 540, 124 S.W.2d 327, does not hold that the claim for attorney's fees and expenses must be established in the original will contest. If it does, the case should be overruled to that extent. The rule now adopted by the Court

will not be workable in cases where there is no personal representative of the estate who can be required to observe an order allowing attorney's fees and expenses rendered by the probate court in the will contest. In the absence of a pending administration, the probate court could not make an order for allowance of attorney's fees and expenses that would be binding on the heirs. Nor could it make one that would be binding on an independent executor.

It also seems unwise as a practical matter to require that the allowance of attorney's fees and expenses always be litigated in the context of an adversary will contest. If the interested parties were given the opportunity, the allowance would doubtless be handled on an amicable basis in some cases after resolution of the will contest. This would be quite likely where the expenses of the unsuccessful proponent are obviously reasonable and the personal representative of the estate is one whose personal fortune was not at stake in the will contest. The most that would be required is a simple motion by an administrator and an order of the probate court approving the allowance. Even that would not be necessary when the personal representative is an independent executor.