John H. MILLER, Petitioner,

v.

Michael Gene ANDERSON and Sheri Jean Anderson, Respondents.

No. C-1599.

Supreme Court of Texas.

March 23, 1983.

---

Ellis, Andrews & Lawrence, David R. Seidler, Aransas Pass, William G. Burnett, Sinton, for petitioner.

William H. White & Associates, Margaret A. Pollard, Houston, for respondents.

WALLACE, Justice.

This is an appeal from an order to pay attorney's fees from the assets of an estate pursuant to Texas Probate Code Ann. § 243 (1974). The trial court ordered the fees paid. The court of appeals reversed the order of the trial court and rendered judgment that the attorney take nothing. 638 S.W.2d 55. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Wesley Gene Anderson (Testator) executed a will in 1975 in which he created a trust for his two minor children and named J.C. Anderson as independent executor and trustee. The principal assets of the trust were an insurance policy on Wesley's life and some stock. Subsequent to the execution of the will, J.C. prevailed upon Wesley to make him beneficiary of the insurance policy and the stock. Wesley died in 1976 and J.C. filed the will for probate. The children, through their next friend, contested the will. They later filed a separate suit to set aside the change of beneficiary designations. The two suits were consolidated and the Corpus Christi National Bank, the alternate independent executor named in the will, was appointed temporary administrator. Upon motion of the minor children, the court ordered J.C. to retain separate attorneys for himself individually and as independent executor seeking probate. Pursuant to that order, J.C. hired John Miller to represent him in his capacity as independent executor seeking probate. When the case was called for trial the children withdrew their contest to the admission of the will to probate but went forward on the issue seeking to prevent the appointment of J.C. as independent executor. Upon withdrawal of the contest, Miller left the courtroom and participated no further in the litigation. The will was admitted to probate and the Corpus Christi National Bank was named alternate independent executor. Approximately four months later, Miller filed a claim with the bank, as alternate independent executor, for his fees for services covering the period ending at the date of trial. The bank approved the claim and it was filed with the court but contested by the children.

The issues before us are: (1) whether Miller had standing to sue for his attorney's fees, and (2) whether he waived the fees by not presenting his claim to the court at the time the will was admitted and by not securing a finding that the will was offered for probate in good faith and for just cause. The court of appeals held that Miller did not have standing to bring the suit. It cited, as verbatim authority for this holding, our opinion in *Russell v. Moeling*, 526 S.W.2d 533, 535 (Tex.1975), where we, in interpreting § 243 of the Texas Probate Code, stated:

> The import of the statute is clear: the executor or administrator 'shall be allowed out of the estate his necessary expenses and disbursements.' The purpose then is to pay the cost of attorney's fees that are owed by the executor or administrator, and the allowance is not to the attorney, but to the administrator.

As stated above, Miller was retained pursuant to a court order to represent J.C. in the contest of the will. At the time the case was set for trial the contest was withdrawn except as to the appointment of J.C. as independent executor and the will was admitted to probate. Miller had thus completed the services for which the court, at the children's insistence, directed that he be hired. The children contend that Miller should not be paid by the estate because he failed to complete his duties as attorney for the independent executor. They claim it was his duty to represent J.C. not only in getting the will admitted to probate but also in his individual attempt to be appointed independent executor. We fail to see

the logic in this argument. In refusing to appoint J.C. as independent executor, the court impliedly found that his appointment would not be in the best interest of the estate. The children opposed only J.C.'s appointment as independent executor. Miller was hired solely to assist in the functions of having the will admitted to probate. His task was completed upon the withdrawal of the contest and admission of the will to probate. At that point, the only issue left to be tried was J.C.'s wholly separate personal claim for appointment as the independent executor. Inasmuch as Miller was not retained to represent J.C. in this regard, he was not obligated to continue on as counsel for J.C. through the remainder of the trial.

The reliance of the court of appeals on our opinion in *Russell,* noted supra, as authority for its holding that Miller lacked standing to sue for his fees is misplaced. Our statement in *Russell* that, "The allowance is not to the attorney but to the administrator." *Id.* at 535, was contained in a discussion of whether the independent executrix in that case was entitled to attorneys' fees. She had contracted to pay the attorneys contingent upon the will being admitted to probate. The will was not admitted to probate so the court found that she owed no attorneys' fees. The court of appeals' citation of what we wrote in *Russell* has no application to the question raised by the facts in this case.

Given the facts of this case, we find that Miller's claim for attorneys' fees was presented in a reasonable manner. He was hired pursuant to the court's order to perform services necessary to secure probate of the will. He performed those services. During all pertinent times, the Corpus Christi National Bank was serving as temporary administrator, and following admission of the will to probate was appointed alternate independent executor. Miller presented his claim to the bank which approved it; he then filed it with the court. In this situation, his actions were tantamount to presentment of the claim to the court by the executor. We hold that this complied with § 243 of the Texas Probate Code. *Russell,* 526 S.W.2d at 535.

The other reason given by the court of appeals for reversing the trial court's judgment was Miller's failure to secure a finding from the trial court that the will had been submitted for probate in good faith and for just cause, citing *Russell,* supra, and *Huff v. Huff,* 132 Tex. 540, 124 S.W.2d 327 (Tex.1939). In both of those cases, the wills were denied probate so the question of good faith and just cause was necessary to show a benefit to the estate compensable under § 243. In our case, the benefit to the estate was established when the will was admitted to probate. The good faith and just cause tests of *Russell* and *Huff v. Huff,* are therefore inapplicable here.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.